SIMON MOTZ AND BERTHA MOTZ v. A. R. HENRY AND M. E. DIXON.

**No. 157.**

PRACTICE, DISTRICT COURT— *Writ of Assistance —Grantee of Purchaser at Sheriff's Sale.* The writ of assistance is an effective and appropriate process to issue from a court of equity to place the purchaser of mortgaged premises, under its decree, in possession after he has received the sheriff's deed, as against parties who are bound by the decree and who refuse to surrender possession pursuant to its direction. The assignee of the purchaser's bid stands in the purchaser's place as to the remedy for possession.

Error from Ellis district court; LEE MONROE, judge. Opinion filed October 17, 1898. Affirmed.

*Bond & Osborn,* for plaintiffs in error.

*A. J. Bryant,* for defendants in error.

The opinion of the court was delivered by

McELROY, J.: This action was brought by M. E. Dixon to procure, by writ of assistance, possession of certain mortgaged property sold under a decree of the court. The record discloses that on the 20th day of February, 1880, Simon Motz executed to Joseph B. Eldridge a mortgage on real property situated in Ellis county to secure the payment of his two promissory notes of that date for $1000 each, due two years after date, and other notes. Before maturity, the mortgagee sold and assigned the notes to A. R. Henry. On the 22d day of December, 1894, Henry instituted suit in the district court for the foreclosure of the mortgage, and for the sale of the property and the application of the proceeds to the payment of the amount due. Simon and Bertha Motz, Eldridge and others were made parties defendant. The Motzes filed an answer, but all other

Motz v. Henry.

defendants made default. On February 19, 1896, prior to the trial of the case in the district court, an agreement in writing was made between the plaintiff Henry and the defendants, Simon and Bertha Motz and Eldridge, representing himself and other defendants, as follows :

" It is agreed by and between the plaintiff and Simon Motz and Bertha Motz, defendants in the above-entitled action, and other persons interested in the notes and mortgage set out and referred to in plaintiff's petition for the amount of $7000, the plaintiff and said parties in interest being represented by A. J. Bryant and J. B. Eldridge, and the said defendants Simon Motz and Bertha Motz being represented by the said Simon Motz and their attorneys, that the above-entitled case shall be and the same is settled as to said defendants upon the following terms and conditions, to wit : The said parties in interest and plaintiff agree to pay or cause to be paid to the said Simon Motz the sum of $250, and the said Simon Motz and Bertha Motz shall at the same time execute a good and sufficient special warranty deed to the property described in the said mortgage set out and described in plaintiff's petition, in consideration of said sum of $250. It is further agreed that the plaintiff may take judgment for the amount of the notes set out in plaintiff's petition and for costs of this action, and a judgment and decree foreclosing said mortgage and cutting off the equity of redemption of each and all of the other defendants in said action and declaring the plaintiff's mortgage a first and prior lien on said property. The receipt of said deed and of said sum of $250 is hereby acknowledged by the parties hereto, this 19th day of February, A. D. 1896."

The deed was executed and delivered, the $250 paid, and judgment rendered according to the terms of the stipulation. The plaintiff prosecuted his action to a final decree, and the court rendered judgment that the mortgage set forth was a first lien on the premises

27—8 KAN. APP.

therein described, that the mortgaged premises be sold by the sheriff, according to law, in default of payment, and that the proceeds of the sale be applied, first, to the payment of the costs, and then to the payment of plaintiff's judgment theretofore rendered. It was further ordered and adjudged, that each and all of the defendants, and all persons claiming or to claim through or under them or either of them, be barred and foreclosed of all right, title, interest, claim and equity of redemption in and to the premises, and each and every part and parcel thereof, from and after the sale; and, for any balance of said judgment remaining unpaid after such proceeds should be exhausted, it was ordered that execution issue against the property and effects of the defendant Simon Motz. The mortgaged premises were sold by the sheriff according to law, the sale was confirmed, and a deed was executed February 13, 1897, to the purchaser, A. R. Henry.

Afterward Henry, by a deed of warranty, on the 7th day of January, 1898, conveyed the premises in question to M. E. Dixon. The Motzes remained in possession and refused to surrender the premises to Dixon. Thereupon Dixon applied, by motion, to the court for a writ of assistance to place him in possession, a trial was had, and the court found that the applicant, Dixon, was entitled to the writ, and ordered and adjudged that the writ issue as prayed for. The defendants Simon and Bertha Motz filed their motion for a new trial, which was overruled, and present the case to this court for review.

The plaintiffs in error allege that the court erred in granting the writ of assistance. They contend that they were occupying the premises in dispute with the consent of Henry, the purchaser at the sheriff's sale, and that at the time of the execution of the written

Motz v. Henry.

agreement Henry agreed with them that they should remain in the possession of the premises until the sheriff's deed had been executed and until such time as a purchaser for the premises in question should be found ; that they held possession under such agreement for one year after the execution of the sheriff's deed ; and that during such time they made valuable improvements on the premises.   All of this was denied by Dixon.   The questions of fact were submitted to the court on oral testimony, and findings made which were against the contention of plaintiffs in error.   The testimony was conflicting.   The findings of the trial court on conflicting oral evidence as to questions of fact are conclusive.   This question has been passed on by our supreme court and this court so often that the citation of authorities is unnecessary.

The plaintiffs in error further contend that the court should not have granted the writ of assistance in this case for the reason that Dixon was not a party to the record and obtained no interest in the property until one year or more after the same was purchased by Henry.   The writ of assistance is an effective and appropriate process to issue from a court of equity to place a purchaser of mortgaged premises under its decree in possession after he has received the sheriff's deed, as against parties who are bound by the decree and who refuse to surrender possession pursuant to its direction.   The power to issue the writ results from the principle that the jurisdiction of the court to enforce its decree is coextensive with its jurisdiction to determine the rights of the parties. It is the constant purpose of courts to do justice, not merely by declaring rights, but by affording a remedy ; the court should not leave a party to another time or tribunal to enforce a right which it has

established. When a court decrees the sale of property, it has the authority to perfect the transaction by giving the possession with the deed. It is well settled that a court of equity has jurisdiction to carry into effect its own orders, decrees, and judgments which remain unreversed, when the subject-matter and the parties are the same. The writ of assistance can issue against parties bound by the decree. Under this principle, Henry could undoubtedly have presented his motion for the writ to carry into effect the decrees rendered in his favor against the Motzes, and it is equally clear that his assignee, or privy in estate, Dixon, has a right to the same relief that Henry could have asserted. On this subject, it is said in Story's Equity Pleadings, paragraph 429 :

"Sometimes, such a bill is exhibited by a person who was not a party, or who does not claim under any party to the original decree ; but who claims in a similar interest, or who is unable to obtain the determination of his own rights till the decree is carried into execution. Or it may be brought by or against any person claiming as assignee of a party to the decree."

In Pingrey on Mortgages, sections 1965, 1966, the rule is thus stated :

"The purchaser may be put into possession by the court that rendered the decree of sale, though delivery of possession is not a part of the decree. Having obtained lawful jurisdiction of the case, and having decided it, the delivery of possession by the court is coextensive with the jurisdiction over the subject-matter. . . . The writ of assistance follows after the refusal to obey the order, and will be issued against any person in possession who has been made a party to the suit not holding by title paramount. The assignee of the purchaser's bid stands in his place as to the remedy for possession, as also does the vendee

of the purchaser. One coming into possession *pendente lite* would be entitled, it would seem, to notice of the motion for an order for possession. On refusal to obey the order then the writ of assistance issues.'' (See also *Root v. Woolworth*, 150 U. S. 400, 14 Sup. Ct. 136.)

Dixon in the present case occupies that position. He cannot, any more than Henry, to whose right he succeeded, be put to the necessity of instituting an original independent suit against Motz and relitigating the same questions which were involved in the foreclosure proceeding. The motion for a new trial was properly overruled.

The judgment is affirmed.