BAKER *vs.* PIERSON.

———•◦•———

## William C. Baker vs. Henry L. Pierson.

An appeal lies to this Court from an order of the Circuit Court in Chancery denying an application for writ of assistance, on behalf of the purchaser under decree in a foreclosure suit.

Where, in a foreclosure suit, a subsequent mortgagee was not made a party, and no notice *lis pendens* was filed; and after decree, and just before sale under it, such subsequent mortgagee was, by some arrangement with the owner of the equity of redemption (who was a party), placed in possession of the mortgaged premises, having at the time notice of the foreclosure proceedings; — *Held*, That any right to possession thus acquired ceased on the sale, and that the purchaser at such sale was entitled to a writ of assistance to put him in possession of such premises.

A mortgage made since the statute taking away the right to maintain ejectment upon mortgages, gives the holder no right to the possession of the mortgaged premises before foreclosure.

*Heard July 7th and 8th. Decided July 15th.*

BAKER *vs.* PIERSON.

Appeal from Wayne Circuit in Chancery.

On the 7th of October, 1856, David Moore filed his bill to foreclose a mortgage given January 17th, 1853, by Lewis Ives, on land in Springwells. Ives, after giving another mortgage on the premises, conveyed them to Sylvester Larned, who gave three other mortgages thereon—the last being to the 'respondent Pierson. Pierson's mortgage was dated July 29th, 1856, but not acknowledged or recorded until after Moore commenced the foreclosure of his. No notice of *lis pendens* was filed in the suit brought by Moore, but Larned, and all the subsequent mortgagees except Pierson, were made parties. Final decree was entered in the cause June 26th, 1857, and the premises advertised to be sold under it October 8th, following, but the sale was delayed until November 21st, 1857, by certain proceedings taken by Larned and Pierson, which it is not necessary to set forth. On the day last mentioned, the sale took place, the premises were struck off to Baker, and the sale duly confirmed subsequently. On proceeding to take possession of the land, Baker found parties in possession who claimed it under Pierson, and under Mr. Gray, as Pierson's agent. Gray, on being applied to, stated that he, as agent of Pierson, had taken possession, and claimed to hold it as mortgagee in possession, not a party to or bound by the decree. Baker presented his petition against Pierson, praying that a writ of assistance might issue. Pierson, through Gray, answered the petition; and on a hearing before Judge Witherell, the petition was dismissed. From the order dismissing it, Baker appealed to this Court.

The mortgage given by Larned to Pierson was for a precedent debt for goods. It was executed in Pierson's absence, and put on record by Larned, as agent for Pierson, and who, as such agent, subsequently employed counsel and took the proceedings on the part of Pierson to prevent sale under the decree. A conversation with Pierson in reference to these proceedings was proved to have taken place in Octo-

ber, 1857. It does not distinctly appear at what time the transfer of possession was made from Larned to Gray as agent for Pierson, but it would seem to have been within a few days of the sale, if not on the same day.

*Towle, Hunt & Newberry*, for appellant:

[MANNING J.: Does an appeal {lie from an order dismissing the petition of a purchaser, not a party to the suit, for a writ of assistance ?]

*Towle:* We claim that Sec. 3596 of Compiled Laws gives the right of appeal to all persons whose rights are affected by a decree or final order. The words " complainant " and " defendant " include all persons in any way parties to a proceeding in chancery. A petitioner in a case like this is a " complainant," within the meaning of the 'word as here used.

A person interested in the fund in court comes into court by petition. He may be proceeded against by motion, petition or attachment. — *Coffey vs. Coffey*, 16 *Ill.* 141; 2 *Daniell Ch. Pr.* 919; 1 *Barb. Ch. Pr.* 596; 2 *Madd. Ch. Pr.* 404; 2 *R. I.* 541. And may appeal. — 1 *Gill & J.* 571; 3 *Daniell Ch. Pr.* 99 (*Perkin's Ed.* 1602); *Rider vs. Gower*, 6 *Brown's Par. Cas.*; *Osborn vs. Usher*, 2 *Ibid.* 314; *Goldsmith's Eq. Pr.* 78.

2. Under the present statutes of Michigan, a mortgage, as such, gives no right of possession.— *Comp. L.* § 4614; *Mundy vs. Monroe*, 1 *Mich.* 76; 4 *Kent Com.* 166; *Waring vs. Smyth*, 2 *Barb. Ch.* 119. The mortgagee, therefore, can lawfully acquire possession only by virtue of some other contract with the mortgagor, and in such case his right accrues only at the time of such other contract. Pierson, therefore, acquired no right to the possession until it was surrendered to him by Larned; and having at that time actual notice, not only of the pendency of the suit, but of

BAKER vs. PIERSON.

the decree, and of the advertisement of sale, is bound by these proceedings.

3. At common law, the mere pendency of a suit was constructive notice to all the world; and whoever purchased property involved in a suit, took it subject to the rights of the parties as finally determined by the suit. Our statute has altered the common law rule, so far as to say that the filing of a bill shall not of itself be' constructive notice to purchasers. — *Comp. L.* § 3483. But one who takes a mortgage for a *precedent debt* is not a purchaser within the meaning of the statute.—4 *Paige*, 215; 2 *Cow.* 290; 4 *Scam.* 387; 20 *Johns.* 637; 6 *Hill*, 93; *Walk. Ch.* 352.

[MANNING J.: The case in *Walker* is overruled, by the subsequent case of *Bostwick vs. Dodge*, in the Supreme Court.—1 *Doug. Mich.* 413.]

*Wm. Gray* and *C. I. Walker*, for respondent:

1. It is submitted that an appeal does not lie in such case.—4 *Johns. Ch.* 609·; *Hop. Ch.* 231; 1 *Barb. Ch. Pr.* 531.

2. Apart from our statute, the mortgagee might enforce possession before foreclosure, by action of ejectment. The statute takes away this action, but does not deprive him of the right to possession. It leaves the right unimpaired, but takes away one mode of enforcing it.—14 *Wend.* 233; 3 *Barb.* 349.

3. That a mortgagee is a purchaser, can not be doubted. —9 *Wheat.* 489; *Cowp.* 278; 2 *Johns. Ch.* 283; 6 *Johns. Ch.* 432; 25 *Wend.* 399; 2 *Paige*, 586; 10 *Paige*, 399; *Comp. L.* § 2753; 2 *Greenl. Cruise, Book IV.* 433, 339; 2 *Story Eq. Juris.* § 1229; 1 *Am. Lead. Cas.* 62.

MANNING J.:

This is an appeal from an order denying a writ of assistance to put a purchaser at a mortgage sale in possession of the premises.

BAKER *vs.* PIERSON.

Two questions are presented for the consideration of the Court: *First*, Whether an appeal will lie in the case; *Second*, Whether the appellant has made out a case entitling him to the writ.

We think the appeal will lie, unless it was discretionary in the Court below to grant or refuse the writ, as it might think proper. In this sense it was not discretionary; but it was discretionary in the sense in which the granting or refusing of an injunction is discretionary—that is, in a doubtful case. The discretion in all such cases is a legal discretion, to be exercised in doubtful cases only, and not where the case is clear and free from doubt. It is then a strict matter of right, which the Court is as much bound to recognize and enforce as any other right of a party. The order denying the writ is a final order—one that is conclusive on the right of the appellant; which right is, to be put in possession of the premises purchased by him at the mortgage sale, as an incident to his purchase. It is a right to the immediate possession of the premises against the parties to the foreclosure suit, and all who are bound by the decree, whether parties or not. It grows out of the decree and purchase under it, and can be enforced by the Court rendering the decree, and no other Court; and an order denying the writ of assistance to enforce it is a final order, touching the right, from which the purchaser may appeal to this Court.

The next question is, - Whether the appellant made out a case in the Court below entitling him to the writ. We think he did. Pierson is in possession, but he was not a party to the foreclosure, and we must refer to the facts to ascertain what his rights are, and whether the appellant is entitled to possession as against him. The bill was filed by Moore, to foreclose a mortgage given by Ives on the 17th day of January, 1853. Ives afterwards gave a second mortgage, and then sold the mortgaged premises to Larned, who afterwards mortgaged the premises three several times to as many different persons. The last of the mortgages was given to

Pierson, who was not made a party to the foreclosure. Larned, and all others interested, were made parties. No notice *lis pendens* was filed. After the decree, and after the property had been advertised for sale under it, and a few days before the sale, Larned put Pierson in possession of the premises; and he claims to hold the same under his mortgage, or under some private or other agreement with Larned—for the purposes of the present investigation it is immaterial which, for his mortgage gives him no right to the possession (*Comp. L.* §4614); and any right to it acquired by agreement with Larned, when the latter surrendered the premises to him, ceased on the sale under the decree, or was then put an end to. We have no doubt, from the facts before us, he had notice of the pendency of the foreclosure suit when he took possession under Larned; and that, as to the possessory right he then acquired, he is bound by that suit to the same extent Larned himself is bound. A purchaser from a party to the suit, pending the litigation, with full knowledge of the litigation, is bound by it. It is not necessary a notice of *lis pendens* should be filed to bind one who has actual notice. It is required, in the absence of actual notice, to charge a party with constructive notice. Pierson resides in the City of New York; and when we say he had actual notice, we mean his agents, or those who conducted the business for him, had such notice, which was notice to him.

The order denying applicant's motion in the Court below, must be reversed with costs, and an order be entered for the writ of assistance; and the case be remitted, &c.

MARTIN Ch. J. and CHRISTIANCY J. concurred. CAMPBELL J. did not sit in this case.