JOSEPH HARLAN v. CYNTHIA A. RACKERBY.

Writ of Assistance.—A writ of assistance will not be issued against a purchaser of the mortgaged premises who buys during the pendency of a suit to foreclose, and who is not a party to the suit, without actual or constructive notice of its pendency.

APPEAL from the District Court, Tenth Judicial District, Colusa County.

The facts are stated in the opinion of the Court.

Geo. Cadwalader, for Appellants, cited Richardson v. White, 18 Cal. 120; Ault v. Gassaway, 18 Cal. 205.

W. C. Belcher, for Respondent.

By the Court, CURREY, J.

The suit to forclose the mortgage in this case was commenced on the first of April, 1862, against Cynthia A. Rackerby as sole defendant, and a lis pendens was filed in the cause, in the proper Recorder's office, on the sixth of May following. In the meantime, the defendant conveyed the mortgaged premises to J. J. Hicok, who entered into the possession thereof. Hicok's deed was filed for record on the 16th of October, 1862. The decree of foreclosure was entered on the 11th of September of that year, and the mortgaged property was sold by the Sheriff to the plaintiff on the 25th of October; and no redemption having been made, the Sheriff, on the 18th of December, 1863, executed a deed in due form to the purchaser. At that time, Mathison Davis was in the possession of the premises under Hicok, and to him the plaintiff exhibited the Sheriff's deed, and demanded from him the possession of the land. Davis refused to comply with the demand. The plaintiff then applied, upon due notice, for a writ of assistance against Hicok and Davis, and the Court ordered the same to be issued. From this order Hicok and Davis have appealed.

When the decree of foreclosure was entered, the defendant had no interest in the premises. Whatever interest she had

71

therein when the suit was commenced she conveyed to Hicok on the 29th of April, 1862, who purchased, for aught that appears, without actual or constructive notice of the commencement of the action, and therefore the decree of foreclosure could not affect Hicok, who was entitled to be heard in his defense before he could be deprived of his property. (*Goodenow* v. *Ewer*, 16 Cal. 461; *Boggs* v. *Fowler and Hargrave*, Id. 562,)

The order must be reversed.

Ordered accordingly.