# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT,

## OCTOBER TERM, 1867.

34 11
117 580

## JOHN B. FRISBIE v. PATRICK FOGARTY et als.

WRIT OF ASSISTANCE.—If the decree in a foreclosure suit directs the sale of all the mortgaged premises, and forecloses and bars the equity of redemption of the defendants, and directs that the purchaser at the Sheriff's sale be let into possession, the person who receives the Sheriff's deed, after a sale, is entitled to a writ of assistance as against all the defendants who were served with process or appeared in the action.

IDEM.—The above rule prevails as against a defendant who is not mentioned in the decree by name, and also as against one whose name is not mentioned in the Sheriff's deed.

APPEAL from the District Court, Seventh Judicial District, Napa County.

This action was brought against Ellen Fogarty McAdams and Peter McAdams, her husband, Catharine F. Barry and Michael Barry, her husband, Patrick Fogarty and Mary Fogarty, his wife, Patrick Fogarty, administrator of the estate of Thomas Fogarty, deceased, Joseph B. Thomas, James Graves, John D. Arthur, and William W. Arthur.

The complaint averred, that September 1st, 1858, Patrick Fogarty, and Thomas Fogarty, the deceased, executed a mortgage to the plaintiff on a tract of land, and at the time were tenants in common in the land. That Thomas Fogarty had died, leaving Ellen Fogarty McAdams, Catharine Barry, and Patrick Fogarty, his heirs at law, and that the defendants, other than Patrick Fogarty and Mary Fogarty, his wife, Catharine F. Barry and Michael Barry, her husband, and Ellen Fogarty McAdams and Peter McAdams, her husband, and Patrick Fogarty, administrator of the estate of said Thomas, had or claimed to have some interest in or lien or incumbrance upon the mortgaged premises or some part thereof, which had accrued after the execution of the mortgage. The two Barrys appeared by attorney. The title of the case in the decree recited the names of all the defendants, but the name of Michael Barry was not inserted in the body of the decree. The Sheriff's deed recited the issuance of an order of sale in the case of John B. Frisbie, plaintiff, against Patrick Fogarty and other defendants, and then recited the sale, etc., without again naming any of the defendants. Michael Barry and his wife Catharine F. were in possession of the property. The plaintiff, Frisbie, exhibited to them his Sheriff's deed and certificate of sale and demanded possession of said Michael, and upon his refusal to deliver possession, applied for a writ of assistance. The Court below refused to issue the writ, and the plaintiff appealed.

The other facts are stated in the opinion of the Court.

*Wm. S. Wells*, for Appellant.

Any uncertainty in the deed, the decree, or order of sale, is fully explained by reference to the context, the pleadings, and proceedings in the case. We are certainly entitled to resort to all of them; as this Court has held to establish our title, we must do so. (*Heyman* v. *Babcock*, 30 Cal. 367; *Hihn* v. *Peck*, 30 Cal. 280.) Suppose, for instance, we strike

out all the recitals in the decree which purport to show how
the parties were in Court and the mode and manner of pass-
ing it, yet, we insist, sufficient for its validity would be left;
that even if irregularity existed, it could not be collaterally
attacked, but is conclusive upon the question of the exist-
ence of the mortgage and its foreclosure against all the
parties named in the decree shown by the record to be par-
ties to the suit.    *Hayes* v. *Shattuck*, 21 Cal. 51, also authority
as to the effect of a voluntary appearance.    We claim, there-
fore, that the decree is conclusive upon the question of our
right to a writ of assistance, and that the Court erred in
denying the writ.

*J. E. Pond*, for Respondent, argued that the complaint
indirectly averred that Michael Barry had no interest in or
lien on the mortgaged premises, and that he was unnecessa-
rily made a party, as he had not executed the mortgage, and
that, as he was not named in the decree, the presumption
was that the action had been dismissed as to him.    He also
argued, that as his name did not appear in the Sheriff's
deed, his interest in the mortgaged property was not con-
veyed by it; and cited *Donahue* v. *McNulty*, 24 Cal. 414;
*Montgomery* v. *Tutt*, 11 Cal. 191; *Harlan* v. *Rockerby*, 24 Cal.
561; and *Tevis* v. *Ellis*, 25 Cal. 518.

By the Court, SHAFTER, J.:

The plaintiff's right to the writ of assistance depends
entirely upon whether the judgment in the foreclosure suit,
to which Barry and wife were confessedly parties, compre-
hends them and their interests by its terms.    There is no
jurisdictional point involved, and none of error, affecting the
judgment.    The only inquiry is as to what the decree says.
    By the decree speaking *in rem*, "it is ordered, adjudged
and decreed that all and singular the mortgaged premises
mentioned in the complaint in this cause and hereinafter

described, or so much thereof as may be sufficient to raise the amount due to the plaintiff for the principal, interest and costs in the suit and expenses of sale, and which may be sold separately without material injury to the parties interested, be sold at public auction," etc.; "and it is further ordered, adjudged and decreed that the defendants and all persons claiming or to claim from or under them be forever barred and foreclosed," etc. Further on "it is ordered, adjudged and decreed that the purchaser or purchasers of said mortgaged premises at such sale be let into possession thereof, and that any of the parties to this cause, who may be in possession of said premises or any part thereof * * * deliver possession thereof to said purchaser or purchasers on production of the Sheriff's deed."

It will be seen that the mortgaged premises are directed to be sold without exception or reservation; that Barry and wife, as "defendants," are foreclosed and barred of all equity of redemption, and, as "parties to the cause," are comprehended in the direction relating to the surrender of possession.

Order reversed and the Court below is directed to issue the writ of assistance applied for.

Mr. Justice RHODES expressed no opinion.