[No. 7,716. Department One.—April 30, 1884.]

JOSEPH ENOS, APPELLANT, *v.* L. T. COOK ET AL., RESPONDENTS.

EJECTMENT—EVIDENCE.—Where a plaintiff in ejectment, claiming as assignee of a lease, has made *prima facie* proof of his right to recover the demanded premises, a defendant claiming under a mortgage foreclosure sale must show affirmatively that the plaintiff or his assignee was barred by the decree of foreclosure.

LEASE—ASSIGNMENT—MORTGAGE PRIORITY.—Where a lease for a term of years has been duly recorded, and afterwards assigned, it has priority over a mortgage executed subsequent to the recording of the lease, although the assignment was made after a decree foreclosing the mortgage.

WRIT OF ASSISTANCE.—The legal or equitable rights o. persons not parties to a foreclosure suit cannot be adjudicated upon application for a writ of assistance.

APPEAL from a judgment of the Superior Court of the county of San Luis Obispo.

The facts are stated in the opinion of the court.

*J. M. Wilcoxon,* and *W. J. Graves,* for Appellant.

The court erred in striking out plaintiff's evidence of title. The lease under which he claimed gave him an estate. His title could not be litigated upon a motion for a writ of assistance. A contrary doctrine would deprive him of the right of trial by jury. (*Henderson* v. *McTucker,* 45 Cal. 647; *Daniels* v. *Henderson,* 49 Cal. 242; *Langley* v. *Voll,* 54 Cal. 435; *Skinner* v. *Beatty,* 16 Cal. 157; *Frisbie* v. *Fogarty,* 34 Cal. 11; *Burton* v. *Lies,* 21 Cal. 88; *Mitchell* v. *Hagood,* 6 Cal. 148; *McCauley* v. *Weller,* 12 Cal. 500; *Fulton* v. *Hanlow,* 20 Cal. 450; *Boggs* v. *Clark,* 37 Cal. 236; *Larrabee* v. *Selby,* 52 Cal. 508; *Voll* v. *Hollis,* 60 Cal. 569; *Ex parte Hollis,* 59 Cal. 405; *Harlan* v. *Rackerby,* 24 Cal. 561; *Goodenow* v. *Ewer,* 16 Cal. 461; *Boggs* v. *Fowler,* 16 Cal. 562; *Terrell* v. *Allison,* 21 Wall. 289; *Thompson* v. *Smith,* 1 Dill. 458; *Brush* v. *Fowler,* 36 Ill. 53; *Loomis* v. *Wheeler,* 18 Wis. 524; *Jackson* v. *Warren,* 32 Ill. 331; *Long* v. *Neville,* 29 Cal. 131.)

*O. P. Evans,* for Respondents.

The plaintiff took an assignment of the lease after the rendition of the judgment of foreclosure, and the respondent was entitled to a writ of assistance as against the mortgagor and those entering under him subsequently to the decree. (*Skinner* v. *Beatty,* 16 Cal. 156.)

The plaintiff having become interested in the premises subsequently to the rendition of the judgment in the foreclosure suit, his failure to appear and oppose the motion for a writ of assistance estopped him from setting up a title which he might have used to defeat the motion.

McKINSTRY, J. — This is an action of ejectment to recover the possession of certain lands and premises, ten thousand dollars damages for the use and occupation, and damages caused by the loss of the value of the rents, issues, and profits, at the rate of two hundred dollars per month from the 9th day of November, A. D. 1880. The court below gave judgment for defendants, from which plaintiff appealed.

The facts of the case, as disclosed by the record, are as follows: On the 4th day of September, 1876, C. H. Johnson was the owner of the premises described in the complaint, and on that day leased them to one Silva for five years from and after the 1st day of October, 1876, which lease was on the same day recorded. Silva entered under the lease, and on the 13th day of December, 1876, assigned to plaintiff and one Menas. Plaintiff afterwards, and prior to the 9th day of November, 1880, became sole owner of the lease. On the 4th day of May, 1878, C. H. Johnson mortgaged the demanded premises to the respondent, San Luis Obispo Bank, which mortgage was the same day duly recorded. The bank brought suit to foreclose the mortgage, and on the 19th day of May, 1879, a decree foreclosing said mortgage and ordering the sale of the mortgaged premises was entered. To this suit plaintiff was not made a party. Upon this decree an order of sale was issued February 20, 1880, and the premises were sold at sheriff's sale and bid in by the bank, and on the 27th day of September, 1880, the bank received the sheriff's deed for the same, which was duly executed and recorded.

On the 5th day of October, 1880, an affidavit for a writ of assistance made by the president of the respondent bank, and notice of motion for the writ, returnable October 12, 1880, were filed in the lower court, and copies of the notice and affidavit were served the same day by the sheriff on C. A. Johnson, Merritt Walker, and plaintiff.

On November 6, 1880, the said Johnson, Walker, and plaintiff failing to appear as required by said notice, the court ordered the writ of assistance to issue. The writ was issued and served, and the respondent bank put in possession of the premises the 9th day of November, 1880.

At the trial the plaintiff proved the lease from Johnson to Silva, the entry of the latter thereunder, the assignments of the lease, the continued occupation by Silva and his assigns — including plaintiff — and the ouster and withholding by defendant. After proof by defendants of the mortgage foreclosure, and the proceedings on application for writ of assistance, the court below struck out, and excluded from the consideration of the jury, all of plaintiff's evidence; and thereupon the court, on

motion of defendant, discharged the jury and dismissed the action. To these orders and rulings the plaintiff duly excepted.

It is urged by respondent that the owner of the leasehold and assignor of plaintiff (the latter having taken his assignment after the foreclosure decree) may have been a party to the foreclosure suit, and barred by the decree therein. As, however, the plaintiff had proved, *prima facie,* his right to recover the premises demanded in this action, it was for defendant herein to establish affirmatively that plaintiff or his assignor was barred by the foreclosure decree.

It may be conceded (as claimed by respondent) that plaintiff in a foreclosure decree is entitled to a writ of assistance against the mortgagor and those entering under him subsequent to the decree. But plaintiff here did not enter under the mortgagor.

It is contended by respondent that, as plaintiff became interested in the premises subsequently to the rendition of judgment in the foreclosure suit, it was incumbent on him to resist the motion for writ of assistance, and his failure to appear and oppose the issuance of the writ estopped him from setting up at the trial of this action any claim to the land which he might have set up to defeat the motion for the writ.

The right to the exclusive possession for the term, which plaintiff deraigned from Silva, *antedated* the mortgage to the defendant, the bank. The mortgagee took with notice of the lease, which had been registered. Even if plaintiff had appeared and opposed the issuance of the writ of assistance, and had then and there shown the lease, assignments, and possession under it, if the court nevertheless had directed the writ to issue, and the present plaintiff had been amoved under it, these facts would not have constituted an adjudication of his rights which would have estopped his assertion of them in a subsequent action. He could not thus be deprived of his right to have his adverse title passed upon by a court and jury. The courts will not undertake to settle the conflicting legal or equitable rights of persons, not parties to a foreclosure suit, upon an application for a writ of assistance; to adjudicate such rights upon affidavits or on a motion. (*Skinner* v. *Beatty,* 16 Cal. 157; *Burton* v. *Lies,* 21 Cal. 88; *Frisbie* v. *Fogarty,* 34 Cal. 11; *Daniels* v. *Henderson,* 49 Cal. 242; *Henderson* v. *McTucker,* 45 Cal. 647.)

Judgment reversed and cause remanded for new trial.

McKEE, J., and ROSS, J., concurred.