[L. A. No. 482.    Department Two.—September 13, 1899.]

JAMES F. HOUGHTON et al., Plaintiffs and Respondents, v. LUTHER C. TIBBETS et al., Defendants and Respondents. LEWIS JACOBS et al., Cross-Complainants and Respondents. WILLIAM T. CURTIS, Defendant and Appellant.

FORECLOSURE OF MORTGAGE—MISNOMER OF PARTY SERVED—JUDGMENT BY DEFAULT—APPEAL.—In an action to foreclose a mortgage, where the complaint and a cross-complaint named "William T. Curtis" as a party defendant thereto, and the service of summons appears to have been made upon "W. F. Curtis," the misnomer of the party served is material, and the parties sued and served appear *prima facie* to be two different persons; and, where there is no proof in the record of the service of summons upon the defendant sued, a judgment rendered against him by default will be reversed upon his appeal therefrom.

ID.—MATERIALITY OF MIDDLE INITIAL.—The middle initial is a material part of a name which is designated only by the two initials thereof, in connection with the surname.

ID.—RECITAL OF SERVICE IN JUDGMENT—COLLATERAL ATTACK—REVIEW UPON APPEAL.—The recital of the service of summons in a judgment, though conclusive upon the defendant in case of a collateral attack upon the judgment, cannot bind him where a judgment by default is directly assailed upon appeal; and the court will, upon such appeal, reverse the judgment, if the service of summons upon the appellant does not otherwise appear from the record.

ID.—SERVICE OF CROSS-COMPLAINT.—A party named as defendant both to the complaint and cross-complaint, in an action to foreclose a mortgage, is entitled to service upon him of the cross-complaint, which prays that the defendants and all persons claiming under them be barred and foreclosed of all their rights, claim, and equity of redemption, although it does not specifically allege that the appealing defendant claimed an interest in the premises; and such defendant thereto had the right to appear and answer or demur to the cross-complaint.

APPEAL from a judgment of the Superior Court of Riverside County.    J. S. Noyes, Judge.

The facts are stated in the opinion.

Wilfred M. Peck, and William J. Hunsaker, for Appellant.

P. S. Castleman, for Plaintiffs, Respondents.

Rolfe & Rolfe, and Parris & Allison, for Cross-Complainants, Respondents.

Luther Tibbets, Respondent, in *pro. per.*

H. C. Hibbard, for Respondent, Eliza M. Tibbets.

CHIPMAN, C.—Action to foreclose a mortgage. Defendants Lewis Jacobs and Lewis Meyerstein, partners as Bank of San Bernardino, appeared and filed a cross-complaint against all the other defendants in the action, whereby they sought to foreclose a mortgage against defendants Tibbets and wife. Appellant William T. Curtis was named as a party defendant in the cross-complaint. The only service of the complaint upon Curtis, as shown by the record, was proved by affidavit, in which it is stated that affiant "personally served the same on W. F. Curtis, one of the defendants named in said action." There is but one defendant of the name of Curtis. Default was entered against W. F. Curtis. The judgment recites as follows: "William T. Curtis having been regularly served with process and time for answering having expired, and they [referring to all defaulting defendants] not having answered, but made default, and the findings and decision of the court having been made and filed, now, therefore, the judgment of the court is," et cetera. The cross-complaint is against the plaintiffs and against William T. Curtis, among other defendants, but there is no evidence of its service upon Curtis and no recital in the findings or judgment that it was served upon him. The judgment forecloses the mortgage of plaintiffs and the mortgage set out by the cross-complainants and directs the sale of all the mortgaged property. Defendant Curtis appeals from the judgment. There is no evidence in the record that W. F. Curtis and William T. Curtis are the same person, except as it may be inferred from the foregoing. Appellant claims that the person sued and the person served are not the same person, for, *prima facie*, two different names designate two different persons. In support of the claim *McNally v. Mott*, 3 Cal. 235, and *Sutter v. Cox*, 6 Cal. 415, are cited. In the latter of

these cases one of these defendants was sued by the name of John Cox. Service was returned upon James Cox and the judgment was against J. Cox, and Cox appealed. The court said: "This is error, unless there was something in the record to show that the person served was the person sued." The judgment was reversed as to Cox and affirmed as to the defendants. Assuming, and we think correctly, that if the return had shown service upon W. T. Curtis it would have been sufficient, respondent invokes the rule that the variance in the middle initial is immaterial. The authorities so hold generally as to the middle initial, but we understand the rule to be otherwise where the Christian name of the person is not given, but is designated merely by initials; and it was so held in the recent case of *State v. Higgins*, 60 Minn. 1, 51 Am. St. Rep. 490. The Christian names of Higgins and his wife commenced with the same initial—his name being Marion F. and her name Martha J. He had entered into a contract by the name of M. F., and was charged with having fraudulently changed the middle initial from F. to J., so as to make it the contract of his wife. The question was whether the middle initial was a material part of the name. The court said: "The middle name or initial is material where it appears to be material. Thus, it is material when it appears that, with the exception of the middle name or initial, two persons have each the same name, and can be distinguished by the middle names or initial of each. It seems to us that it appears on its face that the middle letter or initial is material when only the initial of the first name is given. In the present case, the first name is not given, only its initial. The name was written M. F. Higgins in the body of the contract and in the signature. No one would understand M. J. Higgins to mean the same person. In speaking of a man it is often customary, among his friends and acquaintances, to call him by his first and last name, omitting his middle name or initial. Thus 'Marion F. Higgins' might well be known as 'Marion Higgins.' But there is no such well-understood custom when the first name is not given, but merely his initial. Thus 'M. F. Higgins' would not be known as 'M. Higgins.' When the initials alone are given, it is not customary to drop the second initial, but it is almost invaria-

bly the custom to give both initials." With this view of the rule we concur. We do not think that W. F. Curtis can be presumed to be the same person as William T. Curtis. But respondent contends that if there is no evidence of service upon Curtis except as found in the judgment we must, in support thereof, presume that he was duly served. The point is, that if there is no evidence of service upon William T. Curtis, the recital in the judgment that he was served is sufficient to confer jurisdiction. This we understand to be the rule upon collateral attack (Freeman on Judgments, sec. 130, and cases cited); but when from the whole record it appears even upon such attack to be untrue, or when the record discloses the evidence upon which the recital was based, and such evidence overthrows rather than supports the recital, the recital in the judgment will be disregarded. (Freeman on Judgments, sec. 130.) When, however, there is a direct attack by appeal, as is the case here, it is requisite that the record should show jurisdiction of the person against whom the judgment was rendered. And as was said in *McKinlay v. Tuttle*, 42 Cal. 570: "In determining that question, recitals which may be found in the judgment cannot be regarded, for the question is whether the record sustains the judgment. Such recitals, therefore, will not be accepted as a substitute for the summons and the proof of service; and, indeed, it would be as illogical so to do as to receive such recitals in the stead of the allegations of the pleadings." (See, also, *Sichler v. Look*, 93 Cal. 600; *County of Yolo v. Knight*, 70 Cal. 431.)

2. Appellant complains that the judgment granting the relief asked in the cross-complaint was unauthorized and erroneous as to him, because it was not served upon him. There is no recital in the judgment and no evidence in the record that it was served.

The cross-complainants ask that all the defendants and all persons claiming under them "be barred and foreclosed of all rights, claim, or equity of redemption in said premises," et cetera. Appellant was entitled to service of the cross-complaint and to answer or demur thereto. Section 442 of the Code of Civil Procedure provides that "the cross-complaint must be served upon the parties affected thereby." (*Hibernia*

*Sav. etc. Soc. v. Fella,* 54 Cal. 597; *White v. Patton,* 87 Cal. 151; *Hibernia Sav. etc. Soc. v. Clarke,* 110 Cal. 27.) It is claimed by respondent that the cross-complaint does not allege that defendant Curtis claimed any interest in the premises. Still it appears from the judgment that he was served with process, and the cross-complaint does ask some affirmative relief against him. The judgment appears to rest upon both complaint and cross-complaint, and the complaint alleges that Curtis claims some interest in the mortgaged property, and that such interest is subject to plaintiffs' mortgage. The judgment would certainly be effectual to foreclose any equity of redemption which Curtis may have if allowed to stand.

It is advised that the judgment, so far as it affects the defendant Curtis, be reversed.

Haynes, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment, so far as it affects the defendant Curtis, is reversed.

Temple, J., McFarland, J., Henshaw, J.

Hearing in Bank denied.