[Civ. No. 109.   Third Appellate District.—October 26, 1905.]

SUSAN M. FOX, Respondent, v. HENRIETTA STUBEN-
RAUCH et al., Defendants; M. R. LUNT, Appellant.

FORECLOSURE OF MORTGAGE—CORRECTION OF NAME IN DECREE—MISNO-
MER BY COMMISSIONER—IDENTIFICATION OF CAUSE.—Where, in a de-
cree foreclosing a mortgage, a clerical misprision in the judgment
by adding a first initial to the name of a defendant was amended to
conform to the complaint and service of summons, and a commis-
sioner was authorized to execute the corrected judgment, his acts
in  incorporating the excluded initial in the certificate of sale and
deed will not invalidate the same when the title of the cause given
by him under which he acted was sufficient to identify it.

ID.—CORRECTION OF CLERICAL MISPRISION—JUDGMENT NOT NEW OR
DIFFERENT.—The amendment of the judgment to correct the clerical
misprision therein did not materially affect the judgment or make
it a new or different judgment.

ID.—APPLICATION FOR WRIT OF ASSISTANCE—ATTACK UPON ACTION OF
COMMISSIONER.—Upon application by the purchaser for a writ of
assistance, the commissioner cannot be permitted to impeach his re-
turn of sale and deed as a witness; nor can a defendant in posses-
sion be heard in this proceeding to question the regularity of the
action by the commissioner, by way of collateral attack upon the
validity of the deed.

ID.—IDENTITY OF DEFENDANT IN POSSESSION—USE OF DIFFERENT
NAMES—UNCONTRADICTED PROOF.—Where the complaint averred·
that the defendant whose name was changed in the judgment was
in possession, and at the hearing of the application for the writ of
assistance, the uncontradicted fact properly  appeared by affidavit
that the defendant was sometimes called by the name first used in
the judgment, and also by the name used in a deed to a substituted
defendant, made pending suit, and that they were one and the same
person, the grantee o.: such defendant, who took *pendente lite* with
knowledge of the action, cannot defeat the writ.

ID.—TITLE NOT INVOLVED UPON WRIT—INDEPENDENT ACTION.—The in-
quiry as to the fact of such identity did not raise an issue involv-
ing title. .The proceeding for the writ of assistance does not de-
termine title.  If such grantee has a title not adjudicated in the
action he may establish it in an independent action, in which he will
not be estopped from showing that there was no identity of person.

APPEAL from an order of the Superior Court of Napa
County granting a writ of assistance.   H. C. Gesford, Judge.

The facts are stated in the opinion of the court.

W. H. Barrows, for Appellant.

F. L. Coombs, and Percival S. King, for Respondent.

CHIPMAN, P. J.—Writ of assistance. Bank of Napa is the holder of a commissioner's deed under a foreclosure sale in the above-entitled action. The foreclosure suit was commenced June 16, 1899, and *lis pendens* duly recorded on that day. One of the defendants named in the complaint as claiming some interest in the property was Mrs. M. Quinn. The complaint alleged that since the month of December, 1898, Mrs. M. Quinn has been, and now is, in possession of the premises. Return of summons was made showing service on Mrs. M. Quinn. The decree of foreclosure was duly made and given on April 24, 1901, and recites that all the defendants made default, and that their default was duly and regularly entered. In the decree one of the defendants was described as Mrs. A. M. Quinn (the only one of the name of Quinn mentioned). Mrs. A. M. Quinn, on May 16, 1901, appealed the case to the supreme court. Thereafter, and pending the appeal, Mrs. A. M. Quinn conveyed the premises to one S. P. Lunt, who leased to appellant, M. R. Lunt. Thereafter Mrs. Quinn died, and S. P. Lunt, on application, was substituted in her place and stead. (*Fay* v. *Stubenrauch,* 138 Cal. 656, [72 Pac. 156].) While the appeal was pending in the supreme court, an order was made by the trial court, on motion of plaintiff's attorney, "reciting that a clerical misprision had been made in the decree of foreclosure in the insertion of the initial 'A.' before the initial 'M.' in the name of Mrs. M. Quinn, the defendant in said action, and directing that such initial 'A.' be stricken out wherever it appeared therein." The decree was affirmed January 12, 1904 (*Fay* v. *Stubenrauch,* 141 Cal. 573, [75 Pac. 174]), and the commissioner made return dated April 26, 1904, that he duly sold the property on April 24, 1904, to Bank of Napa County, and on October 27, 1904, he executed his deed as such commissioner to the bank. It appears that in his certificate of sale, and his deed subsequently executed, he states the parties to the action and refers to Mrs. A. M. Quinn as one of the defendants. The affidavit of Edward S. Bell, used at the hearing of this petition, states that "Mrs.

M. Quinn, one of the defendants in said cause, was also known as and called Mrs. Annie M. Quinn and A. M. Quinn, and is the same person named as grantor in, and who executed a deed dated May 20, 1901, to one S. P. Lunt, which said deed was recorded August 29, 1902, in book 73 of Deeds, at page 111, of the records of Napa county." This is the deed under which said S. P. Lunt claims title. At the hearing it was shown by the affidavit of S. P. Lunt: "That at the time this action was commenced and for a long time prior thereto, one Annie M. Quinn was the owner of and is in the actual possession of all of said lands (the lands in question) and then and there claimed the same in her own right and adversely to all the world and not under or in subordination to the title of any of the defendants in said action; that said Annie M. Quinn was not then or there the grantee, agent, tenant, or successor in interest of any of the said defendants, and has never at any time so been—all of which was well known to plaintiff at the time this action was commenced; that said Annie M. Quinn was not a party to said action and never appeared therein." Affiant then sets forth the fact of her having conveyed the property to him, his possession thereunder, his lease to appellant, and the latter's possession. Appellant, in a deposition used at the hearing, deposed that the land was in fact sold by said commissioner to E. S. Bell, one of the attorneys for plaintiff, and was not sold to said bank as recited in said commissioner's deed, but that said Bell was at the sale acting for plaintiff in the action, and not for said bank; that no certificate of sale was made, or return thereof until October 25, 1904, six months after the date of said sale (the certificate is dated April 26, 1904), and that said commissioner signed the return herein and executed said deed to said bank "solely at the dictation of said Bell" and without any knowledge that the bank "had any connection with the matter, save that which was then and there received by him verbally from said Bell." That "nothing whatever was then or there or ever thereafter paid to or received by said commissioner for the said property." Commissioner Gunn testified that he sold the property on April 26, 1904, at public auction, and that at said sale Edward S. Bell, an attorney at law, bid the sum of $7,855.73 for said property, and that he

'then and there declared the said property sold to said bidder for the sum so bid.'' He further testified that said Bell did not, until October 26, 1904, inform witness that he made said bid for any person other than himself, and that witness made the return of sale, the certificate of sale, and deed under instructions from said Bell, and from him received the receipt for $7,813.48 (amount of judgment and interest, less costs), signed by plaintiff by her attorneys, Bell, York & Bell, but that no money passed through witness' hands in the transaction. The return of Commissioner Gunn showed that this sum had been credited on the judgment, and plaintiff so acknowledged in her receipt attached thereto. It also appeared that the commissioner's deed was exhibited to M. R. Lunt, and possession demanded, which was refused. Upon this state of facts, appellant makes several contentions.

1. It is claimed that the judgment originally entered against Mrs. A. M. Quinn was void, because she was not a party to the action (citing *Houghton* v. *Tibbets,* 126 Cal. 57, [58 Pac. 318]), and that it was so decided on the appeal (141 Cal. 573, [75 Pac. 174], *supra*). It is therefore urged that the pretended sale under said judgment, and the deed issued by the commissioner were void. This contention cannot be maintained. The judgment was corrected as above shown, and was affirmed; there was, therefore, no judgment against Mrs. A. M. Quinn, *eo nomine.* The commissioner, by order of the court, was directed to execute the corrected judgment, and no other. In doing so he did not invalidate his acts by misdescribing one of the defendants. The giving of the title of the cause was simply to identify it as the one under which he was proceeding, and the identification was sufficient.

2. The claim that the amendment of the judgment ''had the effect of making a new and different judgment'' is equally untenable. The purpose of the amendment was to correct a clerical misprision, and in no material respect affected the judgment; its object was to make it conform to the fact that Mrs. M. Quinn was the party defendant who was served with summons (141 Cal. [75 Pac.], *supra*).

3. It is claimed that the neglect of the commissioner to make prompt return of sale, and his return as finally made and deed pursuant to the sale, being contrary to the fact as

shown by his testimony, rendered the whole proceeding void. We do not think the commissioner should be permitted to impeach his return and his deed in an application for a writ of assistance. Nor can appellant be heard, in this proceeding, to question the regularity of the commissioner's action by way of collateral attack upon the validity of the deed.

4. The principal point made by appellant arises out of his contention that he holds possession under S. P. Lunt, the successor in interest of Mrs. A. M. Quinn; that neither of these persons was a party or privy to the judgment, and neither of them entered into possession under any of the defendants in the action, and, therefore, neither of them can be dispossessed by a writ issued under the judgment. At the hearing, the uncontradicted fact appeared, and we think, properly by affidavit, that Mrs. M. Quinn and Mrs. A. M. Quinn, sometimes called Annie M. Quinn, are one and the same person, and the complaint in the action averred that Mrs. M. Quinn was then in possession. It is true that Lunt made affidavit that Mrs. A. M. Quinn was not a party to the action; and this he might aver because no defendant by that name was known to the complaint or judgment. But this is not a denial of the fact that Mrs. M. Quinn, who was a defendant and was duly served with summons, is the same person as Mrs. A. M. Quinn, and no claim is made in appellant's brief that they were not the same. If this is not the fact it would have been a very simple matter to have so shown at this hearing. When the case was on appeal before the supreme court, the points decided were that the lower court had the right to correct the clerical misprision above noted, and that when the correction was made, the judgment stood against Mrs. M. Quinn. Nothing then appeared of record, however, to show that Mrs. M. Quinn and Mrs. A. M. Quinn were the same person, nor did the court adjudge that there were two different persons of these respective names. No such question arose. Appellant disputes the relevancy of the evidence showing this identity, and, furthermore, claims that at most it but raises an issue of fact which the trial court could not try upon this motion. The relevancy of the evidence is quite apparent. If there was but one person, and that person was a party defendant duly

served with summons, her grantee, under another name, with knowledge of the action, should not be permitted to defeat the writ. The inquiry as to this fact did not raise an issue involving title. The inquiry went only so far as to show that Lunt was claiming under a defendant by another name than that applied to her in the action, and thus attempting to defeat the writ. As it now appears that Lunt claims under a deed made by a party defendant after the action was commenced, and with knowledge of its pendency, is his tenant in a position to defeat the writ by an assertion of such title, or should he not be remitted to his action where title may be tried?

This writ is a process issued from a court of equity to enforce its decree, and its power to issue the writ results from the principle that jurisdiction to enforce a decree is co-extensive with jurisdiction to hear and determine the rights of the parties—that the court may do complete justice by declaring the right and enforcing a remedy for its enjoyment. The writ has been in common use in the courts of this state, in foreclosure cases, since *Montgomery* v. *Tutt,* 11 Cal. 190. The proceeding to obtain possession through the operation of this writ is summary in its nature, and it has been frequently held that title cannot be litigated in this way, or the proceeding converted into a trial of title. (*Landregan* v. *Peppin,* 94 Cal. 465, [29 Pac. 771].) Against whom the writ will issue, it was said, in *Burton* v. *Lies,* 21 Cal. 88: "Such writ can only issue against the defendants in the suit, and parties holding under them who are bound by the decree." (See, also, *Harland* v. *Rackerby,* 24 Cal. 561; *Steinbach* v. *Leese,* 27 Cal. 295; *Frisbie* v. *Fogarty,* 34 Cal. 11; *Tevis* v. *Hicks,* 38 Cal. 234; *Henderson* v. *Tucker,* 45 Cal. 647.) It was held in *Enos* v. *Cook,* 65 Cal. 175, [3 Pac. 632], that the legal or equitable rights of persons not parties to a foreclosure suit cannot be adjudicated upon application for a writ of assistance. In *Kirsch* v. *Kirsch,* 113 Cal. 56, [45 Pac. 164], the court said: "The reason for the issuance of the writ is to give effect to rights awarded by the judgment. It should not and cannot operate to establish in the one party, or to destroy in the other, any rights to the property independent of those determined by the judgment." Hence, as has been held, the execution cannot exceed the decree; the

writ can issue only against a party bound by the decree. (*Terrell* v. *Allison*, 21 Wall. 289; *Howard* v. *Railway Co.*, 101 U. S. 837; *Boyd* v. *United States*, 116 U. S. 625, [6 Sup. Ct. 524]. See, also, extended note to *Wilson* v. *Polk*, 13 Smedes & M. 131, [51 Am. Dec. 151]; 2 Ency. of Pl. & Pr. 975.) In *Landregan* v. *Peppin*, *supra*, it was held that the defendant could not defeat the writ of possession by showing that since the date of the judgment he had purchased an outstanding title. The court said: ''Defendant now claims a right to the possession, acquired subsequently to this adjudication. It is sufficient to say, the court cannot determine the merits of defendant's claim upon this application. This is a proceeding upon affidavits, and no question of title can be litigated in this way. This is a hearing upon a motion, and a motion cannot be converted into a trial.'' *Harlan* v. *Rackerby*, *supra*, was a case where the mortgagor conveyed the premises during the pendency of the suit, and the writ was refused because the purchaser had no actual or constructive notice of the suit. Clearly, the writ would have issued had the purchaser taken from a party defendant or privy with notice. (*Baker* v. *Pierson*, 5 Mich. 456.)

If Lunt has a title not adjudicated in the action, the courts are open to him and he may there establish such title. This proceeding does not determine title, nor are we to be understood as deciding the fact as to the identity of the person or persons known as Mrs. M. Quinn and Mrs. A. M. Quinn. What we hold is that at this hearing this identity was shown by uncontradicted evidence and that the writ was properly issued. Should the fact be otherwise, nothing herein determined may be regarded as estopping Lunt or his grantee from so showing in any action commenced wherein title may be tried.

The order is affirmed.

Buckles, J., and McLaughlin, J., concurred.