BECK, RESPONDENT, *v.* FELENZER ET AL., APPELLANTS.

(No. 5,366.)

(Submitted February 6, 1924. Decided February 16, 1924.)

[223 Pac. 499.]

*Mortgages—Real Property—Foreclosure—Possession—Writ of Assistance—Discretion—Election of Remedies.*

Mortgage Foreclosure—Real Property—Writ of Assistance—Nature and Purpose of Writ.
   1.  The purpose of a writ of assistance is to transfer the possession of lands where a court of equity, possessed of jurisdiction of the persons and subject matter of the controversy, has determined the rights of the litigants to the title or possession thereof, the power of the court to issue and enforce the writ being coextensive with jurisdiction to hear and determine the rights of the parties.

Same.
   2.  The writ of assistance is a proper remedy to place in possession a mortgagee who has received a sheriff's deed pursuant to a foreclosure sale, as against the mortgagor and all persons holding under him with notice after the commencement of the action.

Same—Writ of Assistance Available to Whom.
   3.  The purchaser under a decree of sale in a foreclosure proceeding is entitled to the writ of assistance though a stranger to the record,

---

2.  Issuance of writ of assistance to put purchaser at execution sale in possession, see note in 52 L. R. A. (n. s.) 697.

3.  On questions relating to issuance of writ of assistance, see notes in Ann. Cas. 1913D, 1120; 21 A. L. R. 358.

[69 Mont. 592.]

as is also the purchaser's grantee or assignee, unless it appears that by granting it injustice will be done to the party in possession.

Same—Writ of Assistance not Available Against Party Claiming New Right.

4. The writ of assistance operates upon those rights only which have been determined by a judgment, and will not run against a party who shows, even *prima facie*, that he has acquired a new and independent right or title, although to defeat the writ the claim of a new right must · be reasonable and the showing in support of it sufficient to invoke the judicial discretion.

Same—Writ of Assistance—Insufficient Showing to Move Discretion of Court.

5. *Held*, that the showing made by. defendant mortgagors in opposition to an application for a writ of assistance and in aid of their claim that they held possession under a new right based upon an alleged oral agreement with the transferee of the mortgage which was foreclosed that they could remain in possession until after certain repairs made by them had been paid for, was insufficient to invoke the court's discretion in their favor.

Same—Writ of Assistance—Breach of Independent Contract not Triable.

6. On application for a writ of assistance the question whether the mortgagee to whom a sheriff's deed had been issued breached an independent contract made with the mortgagors relating to possession after foreclosure was not triable.

Justices' Courts—Regularity of Proceedings—Presumptions.

7. No presumptions are indulged in favor of the regularity of the proceedings of a justice's court; hence where the validity of a judgment of that court is called in question, the proceedings had therein must be incorporated in the record on appeal.

Mortgage Foreclosure—Real Property—Possession—Writ of Assistance—Unlawful Detainer—Concurrent Remedies.

8. The remedies given to a purchaser of land under a foreclosure sale by writ of assistance, and by an action for unlawful detainer, are concurrent, and both may be pursued at the same time until a satisfaction is had; therefore the claim of defendant mortgagors that by obtaining a writ of restitution from a justice's court in an unlawful detainer action plaintiff, by electing that remedy, was barred from applying for a writ of assistance in the district court to obtain possession has no merit.

*Appeal from District Court, Gallatin County; B. B. Law, Judge.*

Action by Charles F. Beck against Emil Felenzer and others, in which plaintiff's mortgage was foreclosed and the property sold under the decree of foreclosure to plaintiff who thereupon conveyed to Lee Beck, who applied for a writ of assistance. From an order granting the writ named defendants appeal. Affirmed.

69 Mont.—38

*Mr. J. L. Staats,* for Appellant, submitted a brief; *Mr. Henry C. Smith,* of Counsel, argued the cause orally.

The writ of possession "never goes except in cases substantially free from doubt as to the right of possession." (*Lundstrum* v. *Branson,* 92 Kan. 78, 52 L. R. A. (n. s.) 697, 139 Pac. 1172.) It was held in the case of *Roach* v. *Clark* (Ind.), 65 Am. St. Rep. 353, that the issuance of the writ can only be justified when the right is clear and there is no equity, or appearance of equity, in the defendant. (See, also, *Kerr* v. *Brawley,* 193 Ill. 205, 61 N. E. 1057; *Flowers* v. *Brown,* 21 Ill. 270; *Ramsdell* v. *Maxwell,* 32 Mich. 285; *Schenk* v. *Conover,* 2 Beas. Ch. (N. J.) 220, 78 Am. Dec. 95; 5 C. J. 1320, note 52.)

Under an application for a writ of assistance, to place the grantee of the purchaser of real estate under a judgment sale in possession, it appeared that the defendant had acquired, or claimed to have acquired, a new right to the possession of the premises: *Held,* that the writ should have been denied and the parties left to settle their rights in a regular suit. (*Langley* v. *Voll,* 54 Cal. 435.) In the case of *Prahl* v. *Rogers,* 127 Wis. 353, 106 N. W. 287, the court held that the right to the writ is not absolute, but that where no equities impairing the right of the applicant appear to have been created subsequent to the decree of foreclosure, the writ should issue. In the case of *New York Life Ins. Co.* v. *Rand,* 8 How. Pr. 35, affirmed in 8 How. Pr. 352, the court said: "In a plain case, where no injustice would be done the person in possession, the court had the power, and would exercise it, in favor of a second purchaser." In doubtful cases the writ should be refused and the parties left to litigate their contested rights in the proper court. (*Wiley* v. *Carlyle,* 93 Ala. 237, 9 South. 288; *Chadwick* v. *Island Beach Co.,* 42 N. J. Eq. 602, 8 Atl. 650; *Henderson* v. *McTucker,* 45 Cal. 647; *Planters' Bank* v. *Fouwlkes,* 4 Sneed (Tenn.), 461; *Clarke* v. *Aldridge,* 162 N. C. 326, 78 S. E. 216.)

*Mr. Roy W. Keister,* for Respondent, submitted a brief; *Messrs. Murphy & Whitlock,* of Counsel; *Mr. A. N. Whitlock* argued the cause orally.

Citing: *Fox* v. *Stubenrauch,* 2 Cal. App. 88, 83 Pac. 82; *Strong* v. *Smith,* 88 N. J. Eq. 686, 60 Atl. 67; affirmed in 203 U. S. 564, 51 L. Ed. 328, 27 Sup. Ct. Rep. 782 [see, also, Rose's U. S. Notes] ; *Motz* v. *Henry,* 8 Kan. App. 416, 54 Pac. 796; *Hagerman* v. *Heltzel,* 21 Wash. 444, 58 Pac. 580; *Clark etc. Co.* v. *Lindgren,* 76 Neb. 59, 107 N. W. 116; 5 C. J. 1318.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

The real estate which is the subject of this controversy was conveyed by Emil Felenzer, then a widower, to Walter A. Beck by deed which was intended as a mortgage to secure the payment of a promissory note given Beck by Felenzer. Walter A. Beck transferred the note and executed a deed to the property to Charles F. Beck. After due time the latter brought an action in foreclosure against Emil Felenzer, Ella C. Felenzer, his wife, and others, obtained a decree in December, 1921, and bought in the property at sheriff's sale in January, 1922. The sheriff gave the purchaser, Charles F. Beck, a deed for the property in January, 1923. The regularity of the foregoing proceedings is not questioned.

In October, 1922, Charles F. Beck and Myrtle L. Beck gave a warranty deed of the property to Lee Beck. Myrtle L. Beck and Lee Beck are the names of the same person, the wife of Charles F. Beck. Why Myrtle L. Beck joined in the deed executed by her husband to herself as Lee Beck is not explained. But that performance does not detract from the sufficiency of the deed thus given by Beck to his wife.

Felenzer and wife, hereinafter called the defendants, remained in possession of the premises during the period of redemption following the sheriff's sale, and thereafter, as will be related. In March, 1923, Lee Beck, through T. B. Quaw, her agent, served upon the defendants a notice and demand for

possession of the property. The legal sufficiency of this document is not called in question. To it were annexed copies of the deed from Charles F. Beck to Lee Beck and from the sheriff to Charles F. Beck.

The defendants having refused to give up possession, Lee Beck, after notice to them, applied to the district court for a writ of assistance. The court made an order granting the issuance of the writ. From that order the defendants have appealed.

1. Defendants' chief contention is that the court erred in retaining jurisdiction of the motion for the writ after it appeared that the defendants were claiming possession of the premises under an agreement made subsequent to the issuance of the sheriff's deed.

The writ of assistance is a process employed to transfer the [1] possession of lands when a court of equity having jurisdiction of the persons and the subject matter in controversy has determined the rights of the litigants to the title or possession thereof. (2 R. C. L. 72.) The power of the court to issue and enforce the writ results from the principle that jurisdiction to enforce is coextensive with jurisdiction to hear and determine the rights of the parties, for the obvious reason that it is not sufficient for the ends of justice that a court may declare a right and yet not have the power to afford the remedy. (*Terrell* v. *Allison,* 21 Wall. (U. S.) 289, 22 L. Ed. 634 [see, also, Rose's U. S. Notes] ; 3 Cal. Jur. 334; 5 C. J. 1323.)

The writ is a proper remedy to place in possession a mort-[2] gagee who has received a sheriff's deed pursuant to a foreclosure sale as against the mortgagor and all persons holding under him with notice after the commencement of the action. (3 Cal. Jur. 336; 5 C. J. 1320.)

That the purchaser under a decree of sale is entitled to the [3, 4] writ, even though a stranger to the record, is well settled, and by the weight of authority it will issue in favor of the purchaser's assignee or grantee, unless it appears that by

[69 Mont. 592.]

granting the writ injustice will be done to the party in possession. (5 C. J. 1318.) The writ will not be allowed to operate against a party who shows, even *prima facie*, that he has acquired a new and independent right or title, for the writ relates to and operates upon those rights only which have been determined by the judgment. (*Baker* v. *Butte Water Co.*, 40 Mont. 583, 135 Am. St. Rep. 642, 107 Pac. 819.) But to defeat the writ the claim of a new right must be reasonable, and the showing in support thereof sufficient to invoke the judicial discretion. (*Kirsch* v. *Kirsch*, 113 Cal. 56, 45 Pac. 164; 5 C. J. 1320.)

In their affidavits resisting the issuance of the writ the defendants do not assert title in themselves, nor is there any claim that the rights of the parties litigant were not fully adjudicated by the decree of foreclosure; except, however, they allege that both before and after the decree Charles F. Beck agreed to pay them for certain repairs they had made upon the property and to permit them to remain in possession until the repairs were paid for. The affidavits filed by the defendants were opposed by affidavits in behalf of Lee Beck, and in these defendants' allegations respecting the agreement were denied specifically. It is not contended that the agreement was in writing. Indeed, the contrary appears. Passing the question whether the oral agreement is enforceable, the court concluded that the affidavits of Lee Beck had outsworn those of defendants. With this conclusion we shall not interfere. Defendants' claim to possession under a "new right"—based upon the so-called subsequent agreement—cannot be maintained. The showing made was not sufficient to invoke the court's discretion in their favor. (*Fox* v. *Stubenrauch*, 2 Cal. App. 88, 83 Pac. 82; *Motz* v. *Henry*, 8 Kan. App. 416, 54 Pac. 796.)

If the defendants have a cause of action against Charles F. Beck based upon the agreement they have attempted to assert in this proceeding—if Beck has breached his contract with them—the courts are open to them and will afford an

adequate remedy. This is not an appropriate proceeding in which to try that lawsuit. (*Fox* v. *Stubenrauch, supra.*)

2. The next point put forth is that Lee Beck is not entitled to the writ because she was not a party to the original action, having acquired her rights, if any, through Charles F. Beck, the purchaser at the foreclosure sale. There is no merit in this contention. Charles F. Beck purchased the property at the sheriff's sale. (Sec. 9441, Rev. Codes 1921.) No redemption having been made in due time, he obtained the sheriff's deed therefor. The title he obtained through these proceedings inured to his grantee. (Sec. 6867, Rev. Codes 1921; *McDermott Min. Co.* v. *McDermott*, 27 Mont. 143, 69 Pac. 715.) Being the purchaser's grantee, Lee Beck therefore was entitled to the writ of assistance. (See authorities above.)

3. It seems that some time Lee Beck had brought an action [7] in unlawful detainer against Emil Felenzer for the possession of the property in controversy, resulting in a judgment against him. The justice of the peace ordered issued a writ of restitution. Hence the defendants say Lee Beck having elected to pursue that remedy has foreclosed her right to ask for the remedy sought in the present proceeding. When this unlawful detainer action was brought the record does not show. The affidavits refer to it as a "previous action." Probably it was after the decree of foreclosure. No further information concerning this judgment or the writ issued thereon is given. The court is not favored with information of the nature or terms of the judgment. Not having before us the record of the proceedings had in the justice's court, we do not indulge the presumption that the judgment is valid. It is not even alleged that it was duly given and made. (Sec. 9169, Rev. Codes 1921.) No presumptions are indulged in favor of the regularity of the proceedings of a justice's court. (*State* v. *Lagoni*, 30 Mont. 472, 76 Pac. 1044.) As suggested by counsel for Beck, another conclusive answer to defendants' contention is that there is no rule of law whereby a judgment in one action in itself is a bar to the issuance of executive process

upon a judgment obtained in another action and in a different court.

Anyhow, the remedies given to a purchaser of land under a [8] foreclosure sale by writ of assistance and by forcible entry and detainer are concurrent, and both may be pursued at the same time until a satisfaction is had.   (5 C. J. 1316.)

The order appealed from is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES COOPER, HOLLOWAY, GALEN and STARK concur.