[No. 3,307.]

MAYO *v.* SPROUT.

SERVICE OF WRIT OF RESTITUTION.—One who, after an action of ejectment has been commenced, enters upon the demanded premises, but does not enter under the defendant, or by collusion with him, and is not made a party to the action, cannot be removed by virtue of a writ of restitution issued on a judgment rendered in the action.

REMEDY FOR ABUSE OF WRIT OF RESTITUTION.—One who is wrongfully removed under a writ of restitution, will be restored to the possession upon application made to the Court.

APPEAL from the District Court, Sixth Judicial District, County of Sacramento.

October 21st, 1869, the plaintiff sued the defendant to recover possession of the block bounded by I, J, Fifteenth,

and Sixteenth streets, alleging that he had, by verbal lease, leased the same to the defendant, and that the defendant had failed to pay the rent, and that he had given him notice to quit. The defendant answered, denying the allegations of the complaint. The plaintiff recovered judgment.

A writ of restitution was issued about the 1st of July, 1870, and the Sheriff called on Sprout to remove him. Sprout, about this time, learned for the first time that the block was a public square, and belonged to the city, and on the eleventh of July applied to the city for leave to occupy it, which application was granted by the Board of Trustees. At this time the city authorities did not know that Sprout was the tenant of Mayo, or of the proceedings had. Sprout, having been advised by counsel that he could not avoid being removed under the writ, and to prevent being forcibly turned out by the Sheriff, on the eighteenth day of July moved from the premises. This was done without any arrangement with the city authorities, or any collusion with them. On the same day, Rider, one of the Trustees of the city, finding the block vacant, took possession, as the agent of the city, and put one Grabo in charge, to hold the same for the city. On the second day of August, the Sheriff, acting under the writ of restitution, placed Mayo in possession. On the 21st day of August, 1871, the city gave notice of motion, to be heard on the twenty-eighth, to be restored to the possession. The Court granted the motion, and the plaintiff Mayo appealed.

*Dunlap,* for Appellant, argued that the city authorities, having filed no pleadings, were without a standing in Court, and that the Court had no power over the writ after it had been issued and returned, and cited *Den* v. *Ferin,* 1 Halst. 431; 4 Cal. 289.

*McKune & Welty,* for Respondent.

The moving parties, holding by title independent and paramount, having been wrongfully ousted, were on motion entitled to be restored to the possession of the premises. (*Ex Parte Reynolds,* 1 Caines, 500; *Fogarty* v. *Sparks,* 22 Cal. 142; *Samson* v. *Ohleyer,* 22 Cal. 200; *Tevis* v. *Ellis,* 25 Cal. 515; *Wattson* v. *Dowling,* 26 Cal. 124; *Long* v. *Neville,* 29 Cal. 131; *Leese* v. *Clark,* 29 Cal. 664; *Calderwood* v. *Peyser,* 31 Cal. 333; *Rogers* v. *Parish,* 35 Cal. 127; *Ford* v. *Doyle,* 37 Cal. 346; *Tevis* v. *Hicks,* 38 Cal. 234.)

By the COURT:

The authorities of the city were turned out of possession of the premises by means of a writ of *habere facias* issued in this action, to which they were not parties.

It is true they had entered only after the action of *Mayo* v. *Sprout* had been commenced, but it is clearly shown that. they did not go in under Sprout, or by collusion with him.

Under such circumstances it was an abuse of the process of the Court to disturb them, and the Court below properly directed that they be restored to the possession.

Order affirmed.