[No. 60.    Second Appellate District.—August 18, 1905.]

F. G. HENTIG, Respondent, v. C. B. WILLIAMS, MARY WILLIAMS, FRANCES E. JOHNSON et ux., and LIBBIE J. HEIDEL et ux., Appellants.

ACTION TO ENFORCE TRUST—JUDGMENT PROTECTING MORTGAGEE—AFFIRMANCE UPON APPEAL.—Where land was conveyed to one defendant in trust for the benefit of plaintiff and another defendant, and in the judgment rendered in an action to enforce the trust the holder of a mortgage which was executed by the trustee with the consent of all parties interested is fully protected, and has no right to complain of the judgment, it will be affirmed upon appeal taken by such holder therefrom.

ID.—ERROR IN JUDGMENT—FRAUDULENT SATISFACTION OF JUDGMENT-LIEN UPON TRUST LAND—REINSTATEMENT IN EQUITY—MORTGAGE BY TRUSTEE FOR REDEMPTION.—Where there was a judgment-lien upon the trust land which bound plaintiff's interest, and satisfaction was fraudulently entered by the defendant beneficiary without payment in fact, and the lien was reinstated in equity in suit against the trustee, who borrowed money upon mortgage to redeem from the lien, the judgment in equity against the trustee is binding upon the plaintiff beneficiary, and the money raised and paid by the trustee was expended for the common benefit of both beneficiaries; and it was error not to hold the interest of plaintiff subject to the reimbursement of half the sum expended by the trustee, with interest, to be paid for the use and benefit of such mortgagee.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank F. Oster, Judge presiding.

The facts are stated in the opinion of the court.

E. C. Bower, and Bower & Hutchinson, for Appellants.

J. L. Murphey, and F. G. Hentig, for Respondent.

SMITH, J.—This suit was brought to enforce a resulting or constructive trust in an undivided half of the lot of land described in the complaint, conveyed by one Zeigler to the defendant Mary Williams. The defendants Johnson and Heidel were joined as mortgagees. The plaintiff had judgment, from which all the defendants appeal.

The record contains a bill of exceptions, setting forth the evidence, with specifications of insufficiency of the evidence to justify the findings. The appeal of the defendants Williams was taken within sixty days after the entry of the judgment. The appeal of the other defendants was made after the expiration of that period.

The complaint sets forth at length all the particulars of the transactions involved, all of which are denied by the joint answer of the defendants; and in the separate answer of the defendant Mary Williams her account of the transaction is set up. The court finds all the allegations of the complaint to be true; all the allegations in the joint answer of the defendants to be untrue, except one, which is of no materiality; and the allegations of the separate answer of defendant Mary Williams to be untrue. It also find specifically the facts as to the various transactions involved in the suit. To all and singular of which findings, or nearly all, objection is made that the evidence was insufficient to justify them; and it is also claimed that some of them are contradictory. Many of these objections are to immaterial matters, and whether they be well founded or not need not be considered. But on one material point relating to the mortgage of the defendant Heidel, the objections made are well taken. As to the rest of the findings, though the evidence is conflicting, they are fully supported by the evidence.

Briefly stated, the case as shown by the findings is this: Prior to the execution of the deed from Zeigler to the defendant Mary Williams, one Mrs. Casenave was indebted to Hentig and Williams in several small sums, and was proposing to sell certain lands belonging to her to Zeigler, who, in part payment of the purchase money, was to convey to her the lands in controversy; and with reference to this land, it was agreed between her and Hentig and Williams that the lands of Zeigler should be taken as part of the purchase money, upon their agreement to raise the sum of six hundred dollars thereon by mortgage, and to pay the same to Mrs. Casenave, which was done. Afterwards, it was agreed between the parties that the land should be conveyed to Mrs. Williams for the benefit of Hentig and Williams, and that the mortgage thereon should be executed by her. Accordingly, the conveyance was made to Mrs. Williams, who took with full

notice of the facts; and contemporaneously with the deed, or a few days thereafter, the mortgage on the lot was executed by Mrs. Williams to one McConnel for the sum of six hundred dollars, which was paid to Mrs. Casenave. This mortgage was afterwards assigned to the defendant Mrs. Johnson, and is now held by her; and by the decree of the court the interest of the plaintiff and the defendants Williams is made subject to her mortgage. The defendant Mrs. Johnson, therefore, has no cause to complain, and the judgment as to her must be affirmed.

The only serious question in the case is as to the mortgage of the defendant Mrs. Heidel, as to which the facts disclosed by the evidence are as follows: Prior to the date of the transaction involved, one Bamberger held a judgment against Mrs. Casenave for the sum of $834, which constituted a lien upon her lands, and in order to complete the transaction it was necessary that this judgment should be satisfied. Accordingly, it was agreed between him and Williams, as the agent of Mrs. Casenave, that Bamberger would take the sum of $433.56 in satisfaction of the mortgage; and that to carry out this agreement he would deposit the acknowledgment of satisfaction with the Title Insurance and Trust Company in escrow, to be delivered to Williams upon the payment of the amount agreed upon. Accordingly, the acknowledgment of satisfaction was executed, and, with escrow instructions, was delivered to Williams to be delivered to the trust company; but Williams fraudulently filed the satisfaction of judgment with the county clerk, and did not deliver it to the trust company; and thus the conveyances of Mrs. Casenave and of Zeigler were effected. Thereafter, February 9, 1901, upon the discovery by Bamberger of the fraudulent satisfaction of the judgment, he, by appropriate proceedings, had said satisfaction vacated; and afterwards, March 11, 1901, the land was sold under execution and purchased by Bamberger for two hundred and fifty dollars. Following this transaction, a suit was commenced by Bamberger against Mrs. Casenave and the defendants Williams, setting up the above facts, which resulted in a judgment for the plaintiff therein, of date November 27, 1901, adjudging that the title to the land in question was held by the defendant Mary Williams in trust for the said plaintiff, and that in case no redemption

should be made, a deed should be executed to him accordingly. The rendition of this judgment is found by the court, and the judgment itself, with an agreed statement of the record, appears in the bill of exceptions. It is also found by the court that the mortgage to Mrs. Heidel, which was for the sum of two hundred dollars, was executed by Mrs. Williams, March 18, 1902, and that with the sum so obtained she settled the claim of Bamberger under his judgment, and purchase, for the sum of $218.50. It is, indeed, also found "that the plaintiff . . . was in no way responsible for or chargeable with said Bamberger judgment, or any part thereof"; and, in effect, that no benefit was received by the plaintiff from the money borrowed from Mrs. Heidel. But the contrary appears from the facts specifically found. Upon these facts, it appears that upon the vacation of the satisfaction of Bamberger's judgment against Mrs. Casenave, it became a lien upon the land in controversy; and that the judgment of Bamberger against Mrs. Williams, the plaintiff's trustee, was binding upon plaintiff. The money paid, therefore, by Mrs. Williams for the removal of this lien and the satisfaction of the judgment was expended for the common benefit of the plaintiff and the defendants Williams, and the former is chargeable with his proportion thereof. The judgment must therefore be modified by adjudging the interest of the plaintiff in the land to be subject, not only to the mortgage of Mrs. Johnson, but also to the payment to Mrs. Williams of one half the sum of $218.50, with legal interest thereon from the eighteenth day of March, 1902, for the use and benefit of the defendant Mrs. Heidel.

The judgment appealed from is reversed, and the cause remanded, with directions to the lower court to modify the judgment as above indicated; and that the judgment so modified shall stand affirmed.

Gray, P. J., and Allen, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on September 16, 1905.