[S. F. No. 3976. Department One.—January 3, 1907.]

HIBERNIA SAVINGS AND LOAN SOCIETY, Respondent, v. CHARLES H. ROBINSON et al., Defendants; CLARENCE W. PURRINGTON, Administrator of Caroline Robinson, Deceased, Appellant.

FORECLOSURE OF MORTGAGE—PARTIES.—One not made a party to an action to the foreclosure of a mortgage who has any interest in the premises is not affected by the foreclosure decree.

ID.—WRIT OF ASSISTANCE—TITLE NOT TRIABLE—ACTION.—The title of one not a party to the foreclosure suit is not triable upon a proceeding for a writ of assistance in favor of the purchaser at the foreclosure sale; but it can only be determined in an appropriate action brought for that purpose.

ID.—PROTECTION OF POSSESSION—MOTION TO RESTRAIN WRIT.—If a person claiming title who was not a party to the foreclosure suit is in actual possession of the property sold, such possession may

be protected upon motion to restrain the execution of the writ
of assistance in favor of the purchaser.

ID.—QUESTION OF FACT—SUPPORT OF FINDING—RIGHTS OF ESTATE UN-
AFFECTED BY WRIT.—The right to be protected upon a motion to
restrain the execution of the writ depends upon the claimant being
in possession, which is a question of fact to be determined by
the trial court; and where the evidence sustains a finding that the
administrator of a deceased claimant never had been in the pos-
session of the premises by tenant or otherwise, the rights of the
estate cannot in any degree be affected by the writ, and must be
otherwise determined.

APPEAL from an order of the Superior Court of the City
and County of San Francisco refusing to restrain the execu-
tion of a Writ of Assistance.   Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

George D. Collins, for Appellant.

Tobin & Tobin, for Respondent.

SLOSS, J.—The Hibernia Savings and Loan Society com-
menced an action to foreclose a mortgage on several parcels
of real estate in the city and county of San Francisco.  Some
of the defendants named in the complaint defaulted, and a
decree of foreclosure was made and entered in regular form
as against them.   The plaintiff became the purchaser at the
foreclosure sale, and, no redemption having been made within
the statutory time, received the commissioner's deed on Octo-
ber 30, 1902.   On May 13, 1903, the plaintiff procured a writ
of assistance and delivered it to the sheriff of the city and
county for execution.   This writ directed the sheriff to put
the plaintiff in possession of one of the parcels of land in-
cluded in the foreclosure proceeding.   On May 14, 1903,
Clarence W. Purrington, as administrator of the estate of
Caroline A. Robinson, deceased, filed in the superior court an
affidavit alleging that Caroline A. Robinson at the time of her
death was the owner and in possession of the piece of land
described in the writ of assistance; that affiant had on the
eighth day of October, 1901, been duly appointed her admin-
istrator, and ever since had been, and still was, in the actual
possession of the property in question.   Upon this affidavit

the court below made an order directing the plaintiff to appear and show cause why an order should not be made perpetually restraining the execution of the writ of assistance and restraining the sheriff from in any manner interfering with the possession of Clarence W. Purrington as such administrator. Upon the hearing of the order affidavits and counter-affidavits were read and oral testimony was taken. Thereafter, on the twentieth day of November, 1903, the court made an order discharging the order to show cause. Purrington, as administrator, now appeals from the order of November 20th.

The mortgage had been executed by Charles H. and Thomas B. Robinson. Thomas B. had died before the commencement of the action, and his executors, together with Charles H., were made defendants, and judgment was taken against them. The estate of Caroline A. Robinson was not made a party to the foreclosure proceedings, and her interest, if she had any, was not affected by the foreclosure decree. Nor could her claim of title be adjudicated in a proceeding like the one under review. "The courts will not undertake to settle the conflicting legal or equitable rights of persons not parties to a foreclosure suit, upon an application for a writ of assistance; to adjudicate such rights upon affidavits or on a motion." (*Enos* v. *Cook,* 65 Cal. 175, [3 Pac. 632].) Any person claiming title to property has the right to litigate the validity of his claim in a proceeding in which the question of title can be properly presented and determined. As this court said in *Ex parte Hollis,* 59 Cal. 405, "If his title is claimed to be invalid or fraudulent and void, he is entitled to be heard according to the forms of law. . . . The issue as to such title should be tried in an appropriate action, in which the verdict of a jury or the findings of a court may be had upon issues properly framed for the purpose of definitely determining the question of title." And if a person not made a party to foreclosure proceedings is in possession under a claim of title, he has a right to protect his possession by the procedure here adopted,—to wit, a motion to restrain the execution of the writ of assistance. (*Pignaz* v. *Burnett,* 119 Cal. 157, [51 Pac. 48].)

Indeed, these propositions are not contested by the respondent, which concedes that if Purrington as administrator was in possession of the premises at the time of the issuance

of the writ the order asked for by the appellant should have been made. The contention of respondent is, however, that Purrington was not and never had been in possession of the premises. Undoubtedly his right to restrain the execution of the writ of assistance depended upon his being in possession, for if he was not his rights could not in any degree be affected by the execution of the writ. Whether or not he was in possession was a question of fact to be determined by the trial court. In making the order complained of, that court evidently found as a fact that the estate of Caroline A. Robinson was not in possession of the premises, and the only question here is whether that implied finding is sustained by the evidence. A brief statement of the facts shown on the hearing will suffice to demonstrate that there was more than sufficient evidence to support the conclusion reached. It appeared that the person in actual physical occupation of the premises was Walter T. Robinson, a son of Thomas B. Robinson, one of the mortgagors. Thomas B. Robinson and Caroline A. Robinson had been husband and wife. Caroline died in 1891, Thomas in 1897. From the death of Caroline A. Robinson, in 1891, Walter T. Robinson lived upon the premises with his father until 1897, and after his father's death remained there until the time of the hearing in the court below. The real issue between the parties was whether Walter T. Robinson was in possession as a tenant of Purrington, the administrator of Caroline A. Robinson's estate, as asserted by the appellant, or whether he held by virtue of some other claim. At the hearing the appellant introduced an affidavit of Purrington himself, in which he averred that ever since his appointment as administrator he had been in the actual possession of the property. In response to this the respondent offered the affidavit of George A. Clough, denying this allegation on information and belief, and setting forth certain facts which, as is claimed, tend to show that Purrington, Walter T. Robinson, and George D. Collins, the attorney for the appellant, had entered into a fraudulent scheme to retain possession of the said property. We will not further notice these charges of fraud, as we do not deem them important here. Counter-affidavits were filed by the appellant, one being the affidavit of Collins and the other that of Walter T. Robinson, both of which deny the charges of fraud and assert positively that

Purrington was in possession as administrator, Robinson averring that his occupancy of the premises was exclusively under the said administrator and as his agent.

So far as these affidavits are concerned, it may be conceded that the affidavit of Clough, being merely on information and belief, leaves the positive allegations of the appellant's affidavits without substantial contradiction. But at the hearing the respondent called and examined both Purrington and Walter T. Robinson, and their oral testimony was decidedly at variance with their affidavits. Purrington testified that as administrator he had not handled any money, nor made out accounts, nor drawn any rents. While he stated that the property was occupied by Walter T. Robinson as his tenant, he also stated that such tenant did not pay any rent; that he did not know why he let Robinson stay; that during the two years of his administration he (Purrington) had never asked for any rent; that he had not paid any of the bills against said property, such as gas and water charges; that he had not paid any taxes; and that he had never taken any steps to get possession of the property. He testified further that he had never been in the house, and that he did not think he had ever spoken to Walter T. Robinson about the possession of the premises. His only explanation of his failure to ask for rent was that he understood that the tenant was not able to pay. Walter T. Robinson testified that he had been living on the property since 1891; that he had been living there with his father until 1897, and had continued to live there since the death of his father; that he had paid the taxes on the property and the water rates; that the administrator had never asked him for any rents; and that the only conversation they had had regarding the property was that the administrator had asked him occasionally whether he was still living on the property, to which he had replied that he was. He had also stated to the administrator that he had paid the taxes. On cross-examination he testified that while he had paid the taxes he had not given the receipts to the administrator, and that when he did pay the taxes he paid them in the name of his wife, Isabelle W. Robinson.

On this testimony we do not see how the court could have failed to come to the conclusion which was reached,—namely, that the statements in the affidavits of Purrington and Robin-

son to the effect that the latter was holding as tenant of the Caroline A. Robinson estate were collusive and false, and that in fact Purrington as administrator had never been in possession of the premises, either in person or by tenant. Under these circumstances the appellant was not entitled to restrain the issuance of the writ of assistance.

The order appealed from is affirmed.

Angellotti, J., and Shaw, J., concurred.