[Sac. No. 4061. Department One.—June 14, 1928.]

PACIFIC STATES SAVINGS AND LOAN COMPANY (a Corporation), Plaintiff, v. S. B. HARWELL et al., Defendants; C. ZANOLA, Cross-complainant and Respondent, v. S. B. HARWELL et al., Cross-defendants; G. M. HARWELL, Appellant.

Guy L. Louderback and C. L. Donohoe for Appellant.

Duard F. Geis and Carrol F. Byrd for Respondent.

PRESTON, J.—This is an appeal in the above-entitled proceedings from an order refusing the motion of one G. M. Harwell to recall and annul a writ of assistance theretofore issued and still outstanding in said proceedings, the same being in foreclosure. Respondent received the sheriff's deed and sought and secured the writ complained of, the command of which is as follows:

"Therefore we command you that immediately after receiving this writ you go to, and enter upon, the said piece or parcel of land above described, and that you eject the said defendants S. B. Harwell and Nannie A. Harwell, and any and all persons claiming under them, or either of them since the commencement of the above-entitled action, and all persons claiming to have acquired any interest or estate in the premises subsequent to the filing of the *Lis Pendens* in the above-entitled action that may be in possession of said premises, and all and every other person or persons holding or detaining the said premises—and that you deliver to said C. Zanola, or his assigns, the possession of said premises without delay—and him, the said C. Zanola, or his assigns, from time to time, maintain, keep, and defend, or cause to be kept, maintained and defended, according to the true intent of said decree."

██ This writ does not in terms mention appellant. Appellant asserts that as a tenant of respondent he is in possession of the premises and for that reason asks that said writ be recalled and annulled. The trial court treated the motion of appellant as proper, heard it upon evidence, both oral and documentary, and later refused to grant the relief sought, holding in effect that appellant was not a tenant of respondent but in reality a trespasser upon the premises.

The facts of this case bring appellant within the exception to the general rule that one may not appeal from an

order refusing to vacate and annul an appealable order. Appellant, being a stranger to the proceeding, could not have appealed from the original order, but by connecting himself with the cause and having been given the status of a mover by the court, he may appeal. (*People* v. *Grant*, 45 Cal. 97; *Green* v. *Hebbard*, 95 Cal. 39 [30 Pac. 202]; *Pignaz* v. *Burnett*, 119 Cal. 157 [51 Pac. 48]; *Credits Com. Co.* v. *Superior Court*, 140 Cal. 82 [73 Pac. 1009]; *Elliott* v. *Superior Court*, 144 Cal. 501, 509 [103 Am. St. Rep. 102, 77 Pac. 1109]; *Title Ins. & Trust Co.* v. *Calif. etc. Co.*, 159 Cal. 484, 488 [114 Pac. 838]; *Estate of Baker*, 170 Cal. 578, 584 [150 Pac. 989].)

█ It is also true that one who, after ejectment proceedings have been commenced, enters the demanded premises not under the defendant nor by collusion with him and is likewise not a party to the action, cannot be removed by a writ of restitution issued after judgment. (*Mayo* v. *Sprout*, 45 Cal. 99; *Bull* v. *Coe*, 77 Cal. 54 [11 Am. St. Rep. 235, 18 Pac. 808].)

We also reannounce the doctrine set forth in *Kirsch* v. *Kirsch*, 113 Cal. 56, 62, 63 [45 Pac. 164, 166], as follows: "Reserving, for the moment, the consideration whether a writ of assistance may issue at all in an action such as this, we are well satisfied that, where a new and independent right to property has been acquired, or where a *prima facie* showing of the acquirement of such a right is made, the writ should not issue and cannot operate to affect such new and independent right. The writ relates back to and operates upon those rights only which have been determined by the judgment. The reason for the issuance of the writ is to give effect to rights awarded by the judgment. It should not and can not operate to establish in the one party, or to destroy in the other, any rights to the property independent of those determined by the judgment. So it would follow if appellant in this case had made even a *prima facie* showing of a new title by adverse possession, the issuance of the writ which would have passed judgment upon that title would have been improvident and irregular. But, while appellant claims a new title by adverse possession, the bald assertion of an unsupported claim is not a sufficient warrant for asking the court to withhold its process. If appellant, six months after the entry of the decree, should

resist the issuance of the writ, upon the claim that she had, since the entry of the decree, acquired title by adverse possession, the groundlessness of the contention would entitle it to no consideration. The claim, in short, must be reasonable, and supported by a reasonable showing.''

But the court here finds that appellant is a naked trespasser; hence his claim is ''unsupported'' and the showing is not ''reasonable'' within the meaning of the above quoted doctrine. Moreover, appellant having voluntarily become a party to the foreclosure proceedings, the court obtained jurisdiction to try and decide his claim to possession of the property. In *Dobbins* v. *Economic Gas Co.* (on rehearing), 182 Cal. 638 [189 Pac. 1073], the court met and considered a principle kindred to the one here involved and disposed of it in harmony with the announcement above made.

We have been furnished with practically no authorities on the questions above discussed; hence we do not feel called upon to pursue legal questions further. Respondent cited no authorities on the merits of the appeal and rested practically his whole defense upon the contention that the order must be affirmed because of the failure of appellant to present a properly authenticated bill of exceptions or reporter's transcript. The certificates of clerk and judge are each defective, but a question arises as to the waiver of these defects in the record by stipulation made by counsel. A consideration of these questions would take more time than to examine the order appealed from on its merits, treating the record before us as complete. This we have done and we find no showing whatever from which it can be said that the order of the trial court was without support.

The order is affirmed.

Tyler, J., *pro tem.*, and Curtis, J., concurred.