[Civ. No. 2177. Fourth Appellate District.—November 30, 1938.]

KATE RAFFTERY, Respondent, v. HELEN LOUISE KIRKPATRICK et al., Defendants; C. L. CUNNINGHAM, Appellant.

504

LeRoy B. Lorenz for Appellant.

A. Heber Winder for Respondent.

MARKS, J.—This is an appeal from an order denying the motion of C. L. Cunningham to vacate an order directing the issuance of a writ of assistance and to recall the writ.

On April 6, 1931, Helen Louise Kirkpatrick and her husband were the record owners of four lots in Perris, in Riverside County, which is the property involved in this action. On that day, together with her husband, Leonard Kirkpatrick, she executed a mortgage on this property to secure a prom-

issory note for $750 payable to Kate Rafftery, due one year after date, with interest at eight per cent per annum. The note was not paid when due. Interest was not paid after April 6, 1934, and taxes were not paid by the mortgagors.

This action to foreclose the mortgage was instituted against the mortgagors on March 25, 1935. A decree of foreclosure was rendered and entered on June 17, 1935. The property was sold to plaintiff at a commissioner's sale on July 10, 1935. After the expiration of a year a commissioner's deed was issued to her. C. L. Cunningham was found in possession of the property. Demand for possession of the premises was made on him, which he refused.

On September 2, 1936, plaintiff filed a petition for a˙writ of assistance which was granted *ex parte*. The writ was issued on the same day. On September 12, 1936, C. L. Cunningham, appearing specially for that purpose, filed a notice of motion, supported by his affidavit, for an order vacating the order for the issuance of the writ and recalling it. Counter-affidavits were filed by and on behalf of plaintiff and a hearing was had on September 21, 1936, at which Cunningham testified in his own behalf. The trial court denied Cunningham's motion and this appeal followed.

The decree of foreclosure contained the following:

"That if any of the parties to this action who may be in possession of said premises, or any part thereof, or any person who, since the commencement of this action, has come into possession under them, or either of them, refuse to deliver possession thereof to such purchaser or purchasers, on production of the Commissioner's Deed for such premises, or any part thereof a writ of assistance may, without further notice, be issued to compel such delivery to the purchaser."

■ The writ of assistance is incident to the execution of the judgment and is issued as a matter of right where a defendant, or one claiming under him, refuses to surrender possession after the execution of the deed to the purchaser at the foreclosure sale. (3 Cal. Jur. 340.) It is also true, that as a general rule, title to the property in question cannot be tried in a proceeding of this kind. (3 Cal. Jur. 341.)

■ The trial court, however, may, on proper evidence, determine the question of the fact of the possession of the property by a person not a party to the foreclosure proceeding. The question of such possession is one of fact addressed

to the trial court. If decided on conflicting evidence the implied finding will not be disturbed on appeal. (*Hibernia Sav. & Loan Soc.* v. *Robinson,* 150 Cal. 140 [88 Pac. 720].) ▮ It is also established that when a stranger to the foreclosure proceeding is found in possession of the premises, and that person voluntarily appears in the proceeding and demands the recall of the writ of assistance, the trial court, in the absence of objection, "obtained jurisdiction to try and decide his claim to the possession of the property". (*Pacific States Savings & Loan Co.* v. *Harwell,* 204 Cal. 370 [268 Pac. 341].) See, *Dobbins* v. *Economic Gas Co.,* 182 Cal. 616 [189 Pac. 1073].

▮ Cunningham voluntarily appeared in the action and asked the trial court to adjudicate his right to the possession of the property. In asserting this right he claimed under a purported superior equitable title. It is true that he appeared specially in the action. That special appearance was for the purpose of having his right of possession under such title determined. That issue was tried without objection. These facts gave the trial court jurisdiction to determine whether or not his claim was reasonable and was supported by a reasonable showing. (*Kirsch* v. *Kirsch,* 113 Cal. 56 [45 Pac. 164]; *Pacific States Savings & Loan Co.* v. *Harwell, supra.*) ▮ The trial court found against Cunningham, and while he cloaks his argument here under various guises, the real question presented is whether or not there is sufficient evidence in the record to support the implied finding that Cunningham's claim is neither supported nor reasonable, within the rules announced in the Kirsch and Pacific States Savings cases.

In his affidavit in support of his motion Cunningham set forth the following: That he and his wife bought the property in question in 1923 and went into and remained in possession of it as owners in fee until May, 1935, when his wife died; that thereafter he remained in possession; that in 1923 "bare paper title" was placed in his daughter and remained there until January 30, 1932, when, by a deed, record title was placed in John L. Cunningham, affiant's son.

The material portions of Cunningham's testimony are thus summarized in his bill of exceptions:

"That the property in question was purchased in 1923, the record title being taken in the name of the daughter

of C. L. Cunningham, Helen Kirkpatrick and her husband, Leonard Kirkpatrick; that the Cunninghams and the Kirkpatricks lived on the property together some being absent from time to time, the exact dates not being definite; that the wife of C. L. Cunningham died in 1935, but C. L. Cunningham continued to live on the property with the Kirkpatricks, that the Cunninghams, Kirkpatricks and plaintiff were all well acquainted, that the plaintiff, Kate Rafftery, who was a domestic servant by occupation, often visited in the home of the Cunninghams and Kirkpatricks and all knew that she had a mortgage on the property and further that the present note and mortgage was a renewal by them to her of her previous note and mortgage; C. L. Cunningham stated that he had never told Kate Rafftery that he owned the property nor claimed any interest in it; C. L. Cunningham further testified that when Helen Kirkpatrick and her husband, Leonard Kirkpatrick deeded said property by a deed dated January 30th, 1932, to his son, John L. Cunningham, subject to 'mortgage securing note for $750.00 in favor of Kate Rafftery', said son took the title in trust for him and he gave no definite reason for this deed not being recorded until shortly before the Commissioner's Deed was issued in 1936, when the first notice of his claim of an interest in said property was given to plaintiff's attorneys; . . . ''

Cunningham bases his argument for reversal on the following reasoning: That he and his wife were equitable owners of the property since its purchase in 1923 and in possession until May, 1935; that he was in possession after May, 1935; that this possession was notice to plaintiff of a claim of title sufficient to put her on her inquiry; that as she had such notice he should have been joined as defendant in the foreclosure suit; that as he was not so joined his outstanding title was not foreclosed and his right of possession based on it could not be determined by the writ of assistance nor on the motion before us for review.

It is clear from the foregoing facts that Helen Louise and Leonard Kirkpatrick held the legal title to the property in trust for Mr. and Mrs. Cunningham. (25 Cal. Jur. 162 et seq.).

In 25 California Jurisprudence, 221, it is said:

''If the evidence shows that the transferee paid value to the trustee and acted without knowledge or notice of the

existence of the trust, his claim to the property is held to be superior to that of the equitable owner. Section 856 of the Civil Code provides that 'no implied or resulting trust can prejudice the rights of a purchaser or encumbrancer of real property for value and without notice of the trust'; and section 2243, in declaring that one to whom property is transferred in violation of trust shall be deemed to hold as trustee, contains an exception in favor of an innocent purchaser for value. The rule applies in favor of one who took a conveyance from the holder of the record title, as against a person who furnished the consideration for the purchase by the grantor.

"A notification by the plaintiff to the defendant must be held to have been ineffectual, where it was received after the sale of the property was consummated by delivery of the deed and payment of the purchase price." (See, also, *Hentig* v. *Williams,* 1 Cal. App. 454 [82 Pac. 546].)

Cunningham's argument must fail unless, as a matter of fact, he was in actual possession of the mortgaged property, and unless such possession should have put Kate Rafftery on her inquiry as to his right of possession.

We believe that the testimony of Cunningham which we have quoted is sufficient to negative the idea of possession of the property by Cunningham. Mr. and Mrs. Kirkpatrick held the record title to the property. They resided on it. Usually when the record owners of property live on it the reasonable inference follows that they are in possession of it. This is not destroyed by the fact that other members of the family lived there with them. Under such circumstances a mortgagee would not be put on inquiry as to a secret trust existing in favor of others than the legal owners. In 25 California Jurisprudence, 224, it is said:

"However, if the transferor had possession of the property, as well as the legal title, and exercised rights which imported absolute ownership in himself, it seems that the transferee is not to be held responsible on the ground that he did not make inquiries as to the state of the title, although the evidence may show that inquiry or investigation would have disclosed that the transferor held the title in trust for the plaintiff."

Cunningham admitted in his testimony that he knew of the loan by Kate Rafftery to his daughter and the giving

of the mortgage as security for the loan. He further testified that he sat idly by during the time the loan was extended and the present mortgage executed without informing the mortgagee of the trust or of his claimed interest in the property. It is not claimed that Kate Rafftery had any actual knowledge or notice of the secret trust or of Cunningham's claim of title. It is only claimed that she should have made inquiry as to the status of the title. In view of his silence when he should have spoken, this claim from Cunningham comes with bad grace at this late date. A person may be deceived and misled as much by silence as by spoken words. To uphold Cunningham's claims after he had failed to warn Kate Rafftery when he had the opportunity and should have spoken would permit him to profit by his own wrong.

The order is affirmed.

Barnard, P. J., and Griffin, J., concurred.