[Civ. No. 23644. Third Dist. Apr. 12, 1985.]

GREENBACK TOWNHOMES HOMEOWNERS ASSOCIATION, Plaintiff and Respondent, v.
BETTY RIZAN, Defendant and Appellant.

844

**COUNSEL**

Holliday & Dudugjian, Thomas M. Holliday and Ben C. Scheible for Defendant and Appellant.

Weintraub, Genshlea, Hardy, Erich & Brown, Curtis C. Sproul and Kenneth M. Malovos for Plaintiff and Respondent.

**OPINION**

**SIMS, J.**—Corporations Code section 7515, subdivision (a), which applies to nonprofit mutual benefit corporations, provides:[1] "If for any reason it is

---

[1]All statutory references are to the Corporations Code unless indicated otherwise.

impractical or impossible for any corporation to call or conduct a meeting of its members, delegates or directors, or otherwise obtain their consent, in the manner prescribed by its articles or bylaws, or this part, then the superior court of the proper county, upon petition of a director, officer, delegate or member, may order that such a meeting be called or that a written ballot or other form of obtaining the vote of members, delegates or directors be authorized, in such a manner as the court finds fair and equitable under the circumstances."

In this case we hold that a corporation is the proper party to petition the court for an order pursuant to subdivision (a) of section 7515.

## FACTUAL AND PROCEDURAL HISTORY

Greenback Townhomes Homeowners Association (Association) is a nonprofit mutual benefit corporation. It owns and maintains the common area facilities within a planned development known as Greenback Townhomes. The Association enforces certain covenants, conditions and restrictions (CC&R's) which also regulate its affairs. Rizan is a homeowner in Greenback Townhomes.

After a comprehensive revision of California's Nonprofit Corporation Law (added by Stats. 1978, ch. 567, § 2, p. 1740), the Association's board of directors decided to revise its bylaws and CC&R's to conform them to the new law. These revisions required a vote of the members. In September 1981, the Association delivered to each lot owner in Greenback Townhomes the proposed revised bylaws and CC&R's, along with ballots and summaries of the documents.

Between October 1, 1981, and January 23, 1982, at the conclusion of the balloting period, 121 members out of the Association's total membership of 155 voted on the CC&R's, with 94 members in favor of adopting the revisions and 27 members in opposition. Since the CC&R's provided they could only be amended by a vote of 75 percent of *all* members, the membership thus failed to approve the revised CC&R's.[2]

On May 24, 1982, a petition was brought in the name of the Association in superior court pursuant to section 7515, subdivision (a). The petition was signed on behalf of the Association by its president, Janet Johnson, and was granted by court order on June 30, 1982. The order modified the voting requirement for amending the CC&R's so as to allow approval of amend-

---

[2]The revisions to the bylaws were lawfully adopted.

ments by a written ballot of 75 percent of those voting, so long as the total ballots cast represented at least a majority of total membership. It is undisputed that all members of the Association, including Rizan, received notice that the petition had been brought. It is also undisputed that no one opposed the petition before it was granted.

On August 27, 1982, after the order approving the petition was granted, Rizan attempted to appeal on the basis that certain procedural requirements had not been met by the Association. In our previous unpublished opinion (In the Matter of Greenback Townhomes Homeowners Association (Aug. 12, 1983) 3 Civ. 22154) we dismissed Rizan's appeal because she had no standing. We stated that, "It is fundamental that a nonparty, even though aggrieved, cannot appeal from the original judgment or order. [Citations.] The only method of review is for the nonparty to become a party to the record by moving to vacate the judgment. The nonparty then gains the right of appeal from an order denying the motion to vacate. (*Pacific States Savings etc. Co.* v. *Harwell* (1928) 204 Cal. 370, 371-372; *Estate of Baker* (1915) 170 Cal. 578, 581-583.)" (3 Civ. 22154 at p. 3.)

Apparently misconstruing our prior remark as a helpful hint, on November 17, 1983, Rizan filed a motion to vacate the order granting the petition on the basis that the trial court had no subject matter jurisdiction pursuant to section 7515, subdivision (a). That motion was denied and Rizan brought the present appeal.

DISCUSSION

I

Rizan contends the judgment is void on its face and is therefore vulnerable to collateral attack. (See 5 Witkin, Cal. Procedure (2d ed. 1971) Attack on Judgment in Trial Court, § 10, pp. 3590-3591.) She argues the Association did not have standing to appear as a party because subdivision (a) of section 7515 requires such a proceeding must be "upon petition of a director, officer, delegate or member, . . ." Rizan then asserts that because the Association was the only party petitioning the court, and because no director, officer, delegate or member was a party, no proper party brought the action and the court had no jurisdiction to grant relief under section 7515. (See *Ursino* v. *Superior Court* (1974) 39 Cal.App.3d 611, 617 [114 Cal.Rptr. 404].) We conclude, however, that section 7515 does not intend to modify well-established rules specifying that the real party in interest is the proper party to bring an action. Both section 7515 and its legislative

history indicate the real party in interest is the corporation. Consequently, the petition was properly brought in its name. We explain.

■ With exceptions not here pertinent, Code of Civil Procedure section 367 requires that every action must be prosecuted in the name of the real party in interest. In order to have standing to sue, the person in whose name an action is brought must be a real party in interest. (*Powers* v. *Ashton* (1975) 45 Cal.App.3d 783, 787 [119 Cal.Rptr. 729].) "Generally, 'the person possessing the right sued upon by reason of the substantive law is the real party in interest.' ([*Powers, supra,* at p. 787]; 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 93, pp. 1768-1770.)" (*Del Mar Beach Club Owners Assn.* v. *Imperial Contracting Co.* (1981) 123 Cal.App.3d 898, 906 [176 Cal.Rptr. 886, 25 A.L.R.4th 336].) A real party in interest is also defined as "The person to be benefited by, or entitled to receive the benefits of, the suit. . . ." (Ballentine's Law Dict. With Pronunciations (3d ed. 1969) p. 1059.)

■ Thus, under Code of Civil Procedure section 367 and established rules of pleading, a petition pursuant to section 7515 would have to be brought by the real party in interest. ■ " '[I]t is not to be presumed that the Legislature in the enactment of statutes intends to overthrow long-established principles of law unless such intention is made clearly to appear either by express declaration or by necessary implication. [Citations.]' (*County of Los Angeles* v. *Frisbie* (1942) 19 Cal.2d 634, 644 [122 P.2d 526], followed in *People* v. *Cardenas* (1982) 31 Cal.3d 897, 913-914 [184 Cal.Rptr. 165, 647 P.2d 569]; see *Duggan* v. *Superior Court* (1981) 127 Cal.App.3d 267, 270 [179 Cal.Rptr. 410].)" (*Trimont Land Co.* v. *Truckee Sanitary Dist.* (1983) 145 Cal.App.3d 330, 349 [193 Cal.Rptr. 568].)

■ We perceive no intent, either express or implied, in section 7515 to eliminate the corporation as the real party in interest and, therefore, the proper party to petition the court. The language of subdivision (a) of section 7515 itself makes clear that the corporation is the entity directly interested in and benefited by the action; it is, after all "any corporation" that finds itself unable to function in the ways described. The remedial measures prescribed by the statute inure, first and foremost, to the benefit of the corporation in that these measures enable the corporation to do its business. Moreover, the legislative history of section 7515 implicitly treats corporations as proper parties to bring petitions. The Assembly Select Committee on Revision of the Nonprofit Corporations Code addressed in its report problems of nonprofit corporations which section 7515 was specifically intended to remedy. "Due to poor record keeping, inactivity for a period of time, or other reasons, some nonprofit corporations are unable to obtain a

quorum of members or directors, accurately identify their members or directors, or comply with various provisions of their articles or bylaws. The New [Nonprofit Corporation] Law allows a *corporation,* upon obtaining court approval, to extricate itself from this situation and restore regularity in its organizational structure and operations. Sections 5515 and 7515." (Report of the Assem. Select Com. on Revision of the Nonprofit Corporations Code (1979) p. 15, italics added.)

This legislative history also sheds light on why subdivision (a) of section 7515 provides an action may be brought "upon petition of a director, officer, delegate or member." The statute's evident purpose is to facilitate the initiation of an action, in the name of the corporation, by any of the designated parties to deal with a situation where approvals cannot be obtained from those ordinarily empowered to bring an action on behalf of the corporation. In essence, the statute specifies who shall sign a petition, not who shall be the party bringing the action.

The instant case illustrates why the corporation (here Association) is the real party in interest and the proper party to petition the court. The record reflects that the petition was brought to overcome membership voting apathy and obtain membership approval to amend its CC&R's to conform them to the new Nonprofit Corporation Law. The CC&R's contain many provisions which regulate the Association. Consequently, the subject matter of the litigation and the relief sought directly affected the vitality and day-to-day operation of the Association.

The Association, as the corporation affected by the petition, was the real party in interest and the proper party to petition the court. Since the petition was signed by an officer of the Association—its president—the petition satisfied subdivision (a) of section 7515. The court therefore had jurisdiction to adjudicate the petition and issue its order. Consequently, Rizan's motion to set aside the judgment was properly denied.

## II

■ We turn next to the Association's request for sanctions on the ground the appeal is frivolous.

■ Whether or not an appeal is frivolous is an elusive concept but one not without standards. Those standards "fall into two general categories: subjective and objective. [Citation.] The subjective standard looks to the motives of the appellant and his or her counsel. . . . [¶] The objective standard looks at the merits of the appeal from a reasonable person's per-

spective." (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 649 [183 Cal.Rptr. 508, 646 P.2d 179].) "Counsel and their clients have a right to present issues that are arguably correct, even if it is extremely unlikely that they will win on appeal." (*Id.,* at p. 650.)

■ Although we affirm the trial court, we find no grounds to suggest that Rizan or counsel brought the appeal with subjective bad faith. Rizan's rights as a homeowner in Greenback Townhomes are affected by changes in the membership voting requirements. Furthermore, given the previously unsettled language of section 7515, subdivision (a), we do not find it unreasonable for Rizan to have argued that the statute does not provide jurisdiction where a petition is brought in the name of a corporation. Indeed, were we to reach a contrary conclusion, we would be hard pressed to justify the several preceding pages of our opinion.

### DISPOSITION

The judgment (order) is affirmed. Respondent's request for sanctions is denied.

Regan, Acting P. J., and Evans, J., concurred.