895 F.2d 1417
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Robert LEPPALUOTO, dba Leppaluoto Offshore Marine, Judina
Leppaluoto, dba Leppaluoto Offshore Marine,
Plaintiffs-Appellants,
v.
George NAZARIAN, dba the Law Clinic, Defendant-Appellee.
 No. 88-6109.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 8, 1990.
Decided Feb. 5, 1990.
As Amended May 3, 1990.
 Before FARRIS, BOOCHEVER, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert Leppaluoto (Leppaluoto) and his wife Judina Leppaluoto appeal from the district court's grant of summary judgment for defendant George Nazarian (Nazarian) in a legal malpractice and conspiracy action. Because we find that Leppaluoto was not the real party in interest, we conclude that he lacks standing to sue Nazarian and affirm the district court.
 
 
 3
 The alleged malpractice arose out of Nazarian's representation of Leppaluoto Offshore Marine, Inc., in an action by the United States to collect civil penalties assessed by the United States Coast Guard. This court affirmed the district court's grant of summary judgment for the United States in a memorandum disposition. United States v. Leppaluoto Offshore Marine, Inc., No. 85-6386 (9th Cir. Jan. 13, 1987). Leppaluoto then filed this malpractice and conspiracy action in the district court based on diversity of citizenship. The district court granted summary judgment for Nazarian.
 
 DISCUSSION
 
 4
 We apply California law to determine whether Leppaluoto is the real party in interest in this diversity suit. American Triticale, Inc. v NYTCO Servs., 664 F.2d 1136, 1141 (9th Cir.1981). California law requires that "[e]very action must be prosecuted in the name of the real party in interest...." Cal.Code Civ.Proc. Sec. 367. In general, the real party in interest is the person or entity possessing the right sued upon. Arnolds Management v. Eischen, 158 Cal.App.3d 575, 581, 205 Cal.Rptr. 15, 19 (1984). This rule protects a defendant from multiple actions based on the same occurrence, and preserves for the defendant all the available personal defenses and counterclaims. Kaley v. Catalina Yachts, 187 Cal.App.3d 1187, 1195, 232 Cal.Rptr. 384, 387 (1986).
 
 
 5
 A corporation is a distinct legal entity separate from its officers, unless exceptional circumstances demonstrate that the corporation may be disregarded and considered merely the alter ego of the persons composing it. Maxwell Cafe v. Department of Alcoholic Beverage Control, 142 Cal.App.2d 73, 78, 298 P.2d 64, 68 (1956). Leppaluoto Offshore Marine, Inc., not Robert or Judina Leppaluoto, was the party represented by Nazarian in the suit brought by the United States to collect the Coast Guard fines. Leppaluoto alleges no facts that support an alter ego theory. The corporation, rather than the Leppaluotos personally, is the real party in interest in this malpractice action. See Thompson v. Thomas, 680 F.Supp. 1, 3 (D.D.C.1987) ("Fed.R.Civ.P. 17(a) requires that 'every action shall be prosecuted in the name of the real party in interest.' As is evident from the allegations of the complaint, the real party in interest is the corporation, not the two individual plaintiffs who are its ... officers."). Further, the corporation could only appear in court by a duly appointed attorney, not, as is the case here, by an officer who is not an attorney. See id.; Rogers v. Sonoma County Mun. Court, 197 Cal.App.3d 1314, 1318, 243 Cal.Rptr. 530, 532 (1988).
 
 
 6
 Because Leppaluoto is not the real party in interest, he lacks standing to sue Nazarian for malpractice. See Greenback Townhomes Homeowners Ass'n v. Rizan, 166 Cal.App.3d 843, 848, 212 Cal.Rptr. 678, 681 (1985). For the same reason, he lacks standing to sue for the alleged conspiracy to maliciously prosecute the corporation.
 
 
 7
 We do not find the appeal to be frivolous and therefore do not award sanctions as requested by Nazarian.
 
 
 8
 The grant of summary judgment is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3